UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No.  08-065 |
| DELANTE WHITE, | PLF/DAR |
| Defendant. | |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

## I.  INTRODUCTION

Defendant is charged by indictment with unlawful possession with intent to distribute 50

grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. §

841(b)(1)(A)(iii). The undersigned United States Magistrate Judge conducted a detention hearing

on April 1, 2008.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of

counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18

U.S.C. § 3142(e).  The findings of fact and statement of reasons in support of the Order of

Detention follow.

## II.  THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides,

in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no

condition or combination of conditions will reasonably assure . . .  the safety of any other person

and the community, such judicial officer shall order the detention of the [defendant] before trial."

United States v. White                                                                          2

18 U.S.C. § 3142(e).  Thus, danger to the community alone is a sufficient basis upon which to

order pretrial detention.  United States v. Salerno, 481 U.S. 739, 755 (1987); United States v.

Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir.

1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

        Where the government seeks pretrial detention on the ground that no condition or

combination of conditions will reasonably assure the appearance of defendant as required, it has

the burden of establishing by a preponderance of the evidence that the defendant will flee before

trial if released.  United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S.

841 (1986).  The judicial officer must determine that "it is more likely than not that no condition

or combination of conditions will reasonably assure an accused's appearance.”  United States v.

Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

        In determining whether there are conditions of release which will reasonably assure the

appearance of the person as required and the safety of any other person and the community, the

judicial officer shall take into account the available information concerning (1) the nature and

circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3)

the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any

person or to the community which would be posed by the defendant's release.  18 U.S.C.

§ 3142(g).

        A rebuttable presumption that no condition or combination of conditions will reasonably

assure the appearance of the defendant as required and the safety of any other person and the

community arises if the judicial officer finds that there is probable cause to believe that the

defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq.,

United States v. White                                                                    3

for which a maximum period of incarceration of ten years or more is prescribed.  18 U.S.C. §

3142(e).    An indictment is sufficient to demonstrate probable cause for purposes of 18 U.S.C. §

3142.  United States v. Suppa, 799 F. 2d 115, 117 (3d Cir. 1986); United States v. Mosuro, 648 F.

Supp. 316, 318 (D.D.C. 1986).

## III.  DISCUSSION

Both counsel proceeded by proffer.  Counsel for the government by proffered that on

February 23, 2008, MPD officers executed a search warrant at 637 Hamlin Street, N.E.,

Apartment 2, Washington, D.C.   Counsel for the government proffered that at the time of the

officers' entry into the apartment there was one individual present, an adult female who

identified herself as the Defendant's grandmother. Counsel for the government further proffered

that the Defendant's grandmother identified the bedroom where the Defendant resided and a pile

of clothing on the floor of that bedroom which belonged to the Defendant.   The officers

recovered a soft cloth Gucci bag from the top of the pile of clothing, which contained

approximately 124 grams of a substance packaged inside three plastic bags, a loaded 40-caliber

ammunition magazine, and $2000.  The recovered substances were later submitted to the Drug

Enforcement Administration, and tested positive for cocaine.  Officers also recovered: a smaller

plastic bag with crack cocaine, a digital scale with white residue on it, a rubber glove, additional

40-caliber ammunition, bank statements with the name of the Defendant, and a gun box

containing a loaded 9mm magazine and ammunition.  Outside the Defendant's bedroom, on the

porch, the officers recovered a shoe box that contained plates, razors and white residue. Counsel

for the government also proffered that the officers recovered a 22-caliber firearm from the purse

of the Defendant's grandmother who acknowledged ownership of that firearm.

United States v.  White                                                                          4

In further support of the government's motion for pretrial detention, counsel for the government proffered that the Pretrial Services Agency report indicates that Defendant has a 2002 conviction for the distribution of cocaine and possession with the intent to distribute cocaine. Counsel for the government also proffered that at the time of the indictment, the Defendant was release pending trial in the Superior Court for misdemeanor possession of marijuana.

Defendant, through his counsel requested that court set conditions of release.  Through his counsel, Defendant proffered that his last felony conviction was over five years ago, and that his probation term expired successfully.  Additionally, in support of Defendant's contention that he does not pose a risk of flight, counsel for Defendant proffered that Defendant is a lifelong resident of the Washington, D.C. area, has a fiancé employed as a security guard who has agreed to allow him to live with her, and that he has a host of other family members residing within the metropolitan area who has also agreed to allow him to live in their homes pending trial.

## IV.  FINDINGS OF FACT

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community.  First, the nature and circumstances of the offense charged indicate that the Defendant was engaged in the distribution of significant quantities of cocaine base.

Second, for the reasons offered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

United States v. White                                                          5

Third, Defendant's history and characteristics militate against pretrial release.  Of particular significance is that Defendant has a prior conviction for virtually identical offense conduct.  Additionally, at the time of the instant indictment, Defendant was on conditions of release in the Superior Court for misdemeanor possession of a controlled substance.

Finally, the undersigned is satisfied that the toll which distribution of cocaine base has taken and continues to take upon this community is well-documented and need not be repeated here.  The undersigned finds that the evidence of Defendant's significant involvement in the distribution of controlled substances demonstrates that his release would pose a danger to the community, and that he is not amenable to community supervision.

The undersigned has carefully considered Defendant's proffer, and finds that while it is sufficient to rebut the presumption of fugitivity, it is insufficient to rebut the presumption of dangerousness.  United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

## V.  CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the April 1, 2008 Order of Detention.

                                                     /s/
                                        _____
                                        DEBORAH A. ROBINSON
                                        United States Magistrate Judge

April 4, 2008
DATE