UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.:08-065(PLF) |
| v. | : | Judge Friedman |
| DELANTE WHITE | : | May 1, 2008 |
| Defendant. | : | |

### DEFENDANT WHITE'S MOTION FOR A BILL OF PARTICULARS

COMES NOW the defendant Delante White, by and through counsel Charles F. Daum, who respectfully moves this Court to grant his Motion for a Bill of Particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. In support of this motion, the defendant avers the following:

1. Defendant White is presently charged, with unlawful possession with intent to distribute cocaine.

2. On February 14, 2008, Officer Joseph Abdalla filed an affidavit in support of the Metropolitan Police Department's ("MPD") request for a warrant to search a residence at 637 Hamlin Street, Northeast, apartment #2, Washington, D.C.

3. In the affidavit, Officer Abdalla supports the MPD's request for a search warrant solely with the assertions of a confidential informant. According to Officer Abdalla, the confidential informant told an FBI agent that he witnessed Mr. White engage in a sale of crack cocaine at the aforementioned address sometime in the last seventy-two hours. The

seventy-two hour period is not established with any degree of particularity. Though it is not expressly stated, it is logical that Officer Abdalla learned of the confidential informant's "tip" from an agent of the Federal Bureau of Investigation ("FBI").

4. To properly mount a defense, Mr. White requires more information regarding this alleged sale. He needs the Government to clarify exactly when it purports that Mr. White sold crack cocaine. Furthermore, he needs to know what the confidential informant was doing when he allegedly witnessed Mr. White sell narcotics. Finally, given that the confidential informant made his report to an FBI agent, and not Officer Abdalla, Mr. White needs to know how Officer Abdalla learned of the confidential informant's claim.

WHEREFORE, the defendant respectfully requests this Court to grant Mr. White's Motion for a Bill of Particulars instructing the Government to disclose the missing information chronicled in paragraph four found above. These disclosures are necessary, if Mr. White is to have a meaningful opportunity to exercise his Constitutional right to prepare a defense.

Respectfully submitted,

_____

Charles F. Daum, Esquire

**DEFENDANT WHITE'S MEMORANDUM IN SUPPORT OF**
**HIS MOTION FOR A BILL OF PARTICULARS**

COMES NOW the defendant Delante White, by and through counsel Charles F. Daum, respectfully asking this Court to grant this Motion for a Bill of Particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. In support of this Motion, this Memorandum of Points and Authorities is submitted.

**FACTUAL BACKGROUND**

On February 14, 2008, Officer Abdalla filed an affidavit in support of the Metropolitan Police Department's request for a warrant to search 637 Hamlin Street, Northeast, apartment #2, Washington, D.C. In that affidavit, Officer Abdalla claimed that there was probable cause to believe that this residence contained evidence of cocaine trafficking because he had learned that a known confidential informant had reported to an FBI agent that he, the confidential informant, had observed Mr. White sell crack cocaine on the porch in front of this residence "[w]ithin the past seventy-two hours[.]" According to Officer Abdalla, the confidential informant claimed to be present on the porch at the time of the sale and identified the substance as crack cocaine based on his history of involvement in drug trafficking. Neither Officer Abdalla's affidavit nor the indictment provides any further information about when this event allegedly occurred. More importantly, neither the affidavit nor the indictment explains how Officer Abdalla learned about this "tip."

## FACTS THAT NEED TO BE CLARIFIED

Given the lack of particularity in the indictment and the affidavit submitted in support of the search warrant, Mr. White requests that the Court grant his motion for a Bill of Particulars, instructing the Government to do the following:

1. State, with precision, the date and time on which Mr. White allegedly engaged in the sale of illicit narcotics.

2. State what the confidential informant was doing while he allegedly witnessed what he believed to be a sale of illegal narcotics, which was the sole basis for the finding of probable cause and issuance of the search warrant.

3. State how Officer Abdalla learned about the confidential informant's "tip."

## ANALYSIS

Under Rule 7(f) of the Federal Rules of Criminal Procedure, "[t]he court may direct the filing of a bill of particulars[,]" and "[a] motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit." FED. R. CRIM. P. 7(f). Given that the undersigned counsel has only recently made his appearance, Mr. White prays the Court to exercise its discretion and permit him to file this motion despite the fact that the ten day period following arraignment has passed.

The indictment or information need only contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c). Therefore, the Government is not required to draft an

indictment that sets forth all the facts that it intends to prove at trial.  See Jackson v. United States, 313 F.2d 572, 574 (D.C. Cir. 1962).  But, if a defendant needs more details to build a meaningful defense, then he should file a motion for a bill of particulars specifically requesting such information.  See United States v. Debrow, 346 U.S. 374, 377-78 (1953).

In this case, the defendant needs more information to build a meaningful defense.  The Government has not disclosed the date on which the confidential informant allegedly witnessed Mr. White sell illicit narcotics.  In addition, the Government has not disclosed what the confidential informant was doing when he allegedly witnessed Mr. White sell illegal narcotics.  Finally, the Government has not disclosed how or when Officer Abdalla learned about the confidential informant's "tip."   These facts are essential to a host of Mr. White's defenses because the informant's "tip" was the sole basis for the issuance of the search warrant that ultimately led to the discovery of the cocaine at issue in this case.  These requested disclosures will permit Mr. White to investigate the veracity of the confidential informant's claims as well as the credibility of Officer Abdalla's affidavit.

## CONCLUSION

For all the reasons stated herein, Mr. White respectfully requests the Court to grant his Motion for a Bill of Particulars instructing the Government to make the disclosures requested above.

          Respectfully Submitted,

          _____"/s/"_____
          Charles F. Daum, Esquire
          Attorney for Delante White
          736 5th St. N.E.
          Washington, DC 20002
          DC Bar #952481
          Phone: (202) 546-8886
          Fax: (202) 546-0330
          Email: charlesdaum@verizon.net

## CERTIFICATE OF SERVICE

    I Hereby certify that a true and correct copy of Defendant Delante White's Motion for a Bill of Particulars and accompanying Memorandum of Points and Authorities was sent by ECF and facsimile this 28th day of April 2008 to Assistant United States Attorney, Karla Dee Clark.

AUSA Karla Dee Clark
United States Attorneys Office
555 Fourth St. N.W. Room 4846
Washington, DC 20530
Fax: (202) 353-9414
Phone: (202)305-1368

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 08-065(PLF)** |
| v. | : | |
| | : | |
| **DELANTE WHITE** | : | |
| | : | |

**ORDER**

Now before the Court is the Defendant's Motion for a Bill of Particulars. The Court having reviewed the defendant's motion, the Government's response to the defendant's motion, as well as hearing the arguments of counsel on the issue; the Court now finds that there is good and sufficient reason to grant the defendant's motion.

Accordingly, this _____ day of May, 2008, it is Hereby ORDERED that the Government provide the defendant with the answers to the three questions set forth in his Motion. The Government shall file its response with the Court and provide a copy to the defendant no later then the _____ day of May 2008.

_____
Paul L. Friedman
United States District Judge