UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          Criminal No.: 08-065 (PLF)

           v.           Status Hearing: May 1, 2008

DELANTE WHITE       /

GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S
MOTION FOR A BILL OF PARTICULARS

    The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby opposes the defendant's motion for a bill of particulars. As grounds for this motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on the motion.

BACKGROUND

    The defendant has been indicted in a one-count indictment charging him with possession with intent to distribute 50 or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). The defendant now moves this Court for a bill of particulars allegedly to permit him to build a meaningful defense, and to investigate the veracity of the confidential informant's claims and Officer Abdalla's affidavit in support of a search warrant. The defendant seeks the following three (3) specific bill of particulars: (1) the date and time on which the defendant allegedly engaged in the sale of illicit narcotics; (2) what the confidential informant was doing while it allegedly witnessed what it believed to be a sale of illegal narcotics; and (3) how Officer Abdalla learned about the confidential informant's tip. This Court should summarily deny the defendant's motion for it amounts to nothing more than a wholesale discovery expedition.

    On February 14, 2008, Officer Joseph Abdalla of the Metropolitan Police Department presented to a Judicial Officer of the Superior Court of the District of Columbia an Affidavit in

Support of Search Warrant for 637 Hamlin Street, N.E., Apartment 2, Washington, D.C. On that same date a Judicial Officer of the Superior Court determined that the affidavit established probable cause and, accordingly, approved the Affidavit. See Exhibit A (a copy of the Affidavit in Support of Search Warrant). The investigative information that provided the basis for the issuance of the search warrant included the following facts: a confidential source of information who had previously supplied law enforcement with reliable information for the past seven years told law enforcement that within the past seventy-two hours, it had seen an individual named "Delante" and a third person on the porch of 637 Hamlin Street, N.E., Apartment 2, with a digital scale. "Delante" placed a quantity of rock-like substance on the scale until a desired weight was reached. "Delante" then gave the rock-like substance that was on the scale to the third individual, who in turn gave "Delante" a sum of paper currency and left. "Delante" then took the scale and the remainder of the rock-like substance back inside the apartment. The confidential informant, from its own personal involvement in selling the substance, recognized the rock-like substance as cocaine. The confidential informant described "Delante" as a black male in his mid-twenties, tall, thin and of dark complexion. Additionally, the confidential informant had known "Delante" for at least the past two years, had known him to be a street level and wholesale dealer of crack cocaine during that entire period, and that "Delante" drove a gold Dodge 300 with D.C. Registration CJ-6375. That vehicle is registered to Ms. Clowney who resides at 637 Hamlin Street, N.E. Finally, the confidential informant told law enforcement that "Delante" lived with his grandmother at 637 Hamlin Street, N.E., Apartment 2.

    On February 23, 2008, at approximately 2:00 p.m., the search warrant was executed. The defendant's grandmother, Ms. Clowney, was present at the time the search warrant was executed. The defendant was not present at that time. Numerous items were found and seized along with mail

2

matter addressed to the defendant at the target address.  See Exhibit B (a copy of the seizure list).

## ARGUMENT

A bill of particulars is granted only where necessary to inform the accused of the charge against him with sufficient precision to enable him to know what to defend against, and to enable the defendant to plead jeopardy to prevent further prosecution.  Wong Tai v. United States, 273 U.S. 77, 80-81 (1927).  The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges."  United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987); United States v. Madeoy, 652 F. Supp. 371, 374 (D.D.C. 1987).   "It is not the function of a bill of particulars to provide a detailed disclosure of the government's evidence in advance of trial."  Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1968); see also United States v. Torres, 901 F.2d 205, 234 (2d Cir.) ("[a]cquisition of evidentiary detail is not a function of a bill of particulars"), cert. denied, 498 U.S. 906 (1990).  A bill of particulars is not intended as a vehicle for "whole sale discovery of the Government's evidence," United States v. Armocida, 515 F.2d 49, 54 (3rd Cir.), cert. denied, 423 U.S. 858 (1975), and it should not be used as a substitute for discovery.  United States v. Lawson, 688 F. Supp. 314 (S.D. Ohio 1987).  Nor is it designed to force the government to reveal a theory of its case that the defendant could then use to limit the government's presentation of its case at trial. United States v. Torres, 901 F.2d at 234; United States v. Burgin, 621 F.2d 1352 (5th Cir.), cert. denied, 449 U.S. 1015 (1980). The defendant's constitutional right underlying a bill of particulars is to know the offense with which he is charged, not to know the details of how it will be proved. United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981), cert. denied, 455 U.S. 1021 (1982); accord United States

v. Nynex, 781 F. Supp. 19, 21-22 (D.D.C. 1991) (a bill of particulars is not a means of informing the defendant of every shred of evidence which the Government intends to present).

In the case at bar, a bill of particulars is not warranted because the defendant has been provided with ample and complete discovery regarding the charge against him, in detail more than sufficient for the preparation of a defense and to prevent possible double jeopardy concerns.  See, e.g., United States v. Butler, supra, 822 F.2d at 1193; United States v. Esquivel, 755 F. Supp. 434, 436 (D.D.C. 1990).  Specifically, the government has complied with its Rule 16 discovery obligations.  The government has provided the following discovery material: (1) police documents prepared in connection with the charge in the indictment; (2) crime scene evidence reports; (3) color copies of all crime scene photographs taken during the execution of the search warrant and processing of some of the evidence by the crime scene technician; (4) the results of the fingerprint analyses of drugs seized; (5) copies of the latent fingerprints; (6) the Drug Enforcement Administration analyses by the chemist and his notes; (7) statements made by the defendant; (8) an itemized list of all property seized during the execution of the search warrant; (9) Brady material in the form of a summary in a letter and the actual relevant portions of the witness's Grand Jury transcript; (10) expert witnesses; (11) copies of the search warrant and supporting affidavit; and (12) the defendant's criminal history.

Although Mr. Daum recently entered his appearance in this matter on April 27, 2008, that same day government counsel provided to him Brady information and on April 24, 2008, a complete copy of full discovery.  Where the defense has received substantial discovery and other materials from which the nature and essence of the government's case can be easily understood, motions for bills of particulars have been  consistently denied.  E.g., United States v. Amend, 791 F.2d 1120,

1125 (4th Cir.), cert. denied, 479 U.S. 930 (1986); United States v. Society of Independent Gasoline Marketers, 624 F.2d 461 (4th Cir. 1979), cert. denied, 440 U.S. 1078 (1981); United States v. Duncan, 598 F.2d 839, 849 (4th Cir.), cert. denied, 444 U.S. 871 (1979).

More importantly, in the instant case the defendant is charged one count of with possession with intent to distribute 50 grams or more of cocaine base on February 23, 2008. He is not charged with distribution of cocaine base on February 23, 2008, and he is not charged with distribution of cocaine base on another date. The confidential informant was not present when the police officers searched the residence at 637 Hamlin Street, N.E., Apartment 2, Washington, D.C., and the defendant does not so allege. Thus, the confidential informant would not be a witness for trial purposes. Moreover, learning the precise date and time that the defendant sold illegal narcotics along with what the confidential informant was doing when it witnessed that event is merely an attempt to learn the identity of the confidential informant.

The Supreme Court has explicitly rejected adopting an inflexible rule that the identity of an informer must be disclosed whenever its testimony may be relevant and helpful to the accused. Roviaro v. United States, 353 U.S. 53, 62 (1957). The government enjoys a qualified though "time-honored privilege to withhold the identity of its informants from criminal defendants." United States v. Brodie, 871 F.2d 125, 128 (D.C. Cir. 1989). In making the determination whether disclosure of a witness to a defendant is necessary, the Court must balance the public's interest in law enforcement and protecting the informant's identity against the defendant's right to prepare a defense. Roviaro, 353 U.S. at 62; United States v. Warren, 42 F.3d 647, 654 (D.C. Cir. 1994).

The defendant bears the heavy burden of proving that disclosure of the informant's identity is necessary and relevant to the defense. United States v. Warren, 42 F.3d at 654; United States v.

Staufer, 38 F.3d 1103, 1109 (9th Cir. 1994); United States v. Khosravi, 733 F. Supp. 137, 138 (D.D.C. 1990). In making this determination, the trial court is to use a totality of the circumstances approach, considering the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant circumstances. Roviaro v. United States, supra. The defendant must specifically allege how the informant will help establish his innocence; merely conclusory or speculative pleadings will not suffice. United States v. Skeens, 449 F.2d 1066, 1071 (D.C. Cir. 1971). Courts also will not order disclosure where such disclosure will place the informant in personal danger and the prospective testimony is not exculpatory. United States v. Pelton, 578 F.2d 701, 707-08 (8th Cir. 1978), cert. denied, 439 U.S. 964 (1979).

Absent a showing the informant was present on the occasion cited in the indictment, disclosure is not required. United States v. Robinson, 530 F.2d 1076, (D.C. Cir. 1976). Here, the defendant has not made any such allegation or showing. Additionally, courts have denied disclosure of the identity of an informant in a search warrant affidavit where there was no evidence that disclosure would help the defense and that the informant's knowledge was not essential to the presentation of the government's case. United States v. Sherman, 576 F. 2d 292 (10th Cir.), cert. denied, 439 U.S. 913 (1978); U.S. v. Alexander, 559 F. 2d 1339 (5th Cir. 1977), cert. denied, 434 U.S. 1078 (1978).

In the instant case, the defendant has not made any specific allegation that the confidential informant will help establish his innocence, nor does the government possess any information that would support such a notion. See United States v. Brodie, supra, 871 F.2d at 128 (reasonable for court to require more specific basis for defendant's assertion that disclosure of informant would support entrapment defense). Any questions the defendant might have regarding the confidential

6

informant's veracity or basis of knowledge can be effectively dealt with through cross-examination of the law enforcement officer(s).  See generally, Franks v. Delaware, 438 U.S. 154 (1978) (informant's identity need not be disclosed at veracity hearing).

In light of the strict limitations placed on the proper scope of bills of particulars and the information already provided to defense counsel in this case, the government should not be required to provide a bill of particulars.  The Government should not be compelled to provide a bill of particulars disclosing the manner in which it will prove the charge in the indictment, the precise manner in which a defendant committed the crime charged, or to give a preview of its evidence.  The defendant, under the guise of a motion for a bill of particulars, is on a fishing expedition to ascertain information about the confidential informant that is not related to the charge in the indictment and the government is not required to be disclose.

WHEREFORE, the United States respectfully requests that the defendant's motion for a bill of particulars be denied.

                                                          Respectfully submitted,

                                                          JEFFREY A. TAYLOR
                                                          United States Attorney


by:                         KARLA-DEE CLARK
                             ASSISTANT UNITED STATES ATTORNEY
                             555 Fourth Street, N.W., Room 4846
                             Washington, D.C.  20530
                             (202) 305-1368

Case 1:08-cr-00065-PLF    Document 10    Filed 04/30/2008    Page 8 of 8

CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that a copy of the Government's Opposition To The Defendant's Motion For a Bill of Particulars was served by first class United States mail upon counsel for the defendant Charles Daum, 736 5th Street, N.E., Washington, D.C. 20002, by facsimile to (202) 546-0330 on this 30th day of April, 2008.

Karla-Dee Clark
Assistant United States Attorney

# Exhibit A



# AFFIDAVIT IN SUPPORT OF SEARCH WARRANT
# D.C. SUPERIOR COURT

### 1. DESCRITION OF THE RESIDENCE TO BE SEARCHED:

This application and Affidavit are made to obtain authority to search the premises described below:

**637 HAMLIN STREET NORTHEAST, APARTMENT #2, WASHINGTON, D.C.**  The location is described as a three-level red brick apartment building. The numerals "637" are posted on the front of the building. Aparment #2 is located on the first floor and is immediately to your right as you enter the front door. The apartment door is red and the numeral "2" is posted at the top of the door.

### 2. AFFIANT'S TRAINING AND EXPERIENCE

Your affiant, Officer Joseph Abdalla, is an officer with the Metropolitan Police Department, Washington, D.C., and has been employed by said department for over twenty-three years, twenty-one of which I have been assigned as a narcotics investigator.

Throughout my law enforcement career, I have attended classes, seminars, and special training on the manufacturing, packaging, use and distribution of controlled substances, as well as the detection and apprehension of narcotics traffickers. I have personally made over one hundred purchases of illegal narcotics throughout my twenty-three year career. In the course of my police duties, I have interviewed hundreds of persons arrested in Washington D.C., Maryland, and Virginia, who were involved in the illegal narcotics trade and spent hundreds of hours engaged in the surveillance of persons involved in illegal drug activity.

I have participated in a number of long-term drug conspiracy and gang investigations in the role of investigator as well as undercover officer that resulted in prosecutions in the Federal and local courts in the District of Columbia and Maryland. I have also instructed members of the Metropolitan Police Department and other law enforcement agencies in Virginia and Maryland, street level narcotics and other associated classes for "Police Training Services", as well the Metropolitan Police Department to law enforcement agencies in Virginia and Maryland.

In addition, I have been the affiant on more than two hundred narcotic, document, or firearm search warrants in the District of Columbia and Maryland. Through my experience and training, I have become familiar with the street-level, mid-level, and wholesale distribution and sale of illicit drugs and with the practices of narcotics-trafficking organizations of various sizes in the Washington, D.C., Metropolitan area.

### 3. PROBABLE CAUSE (FACTUAL BASIS)

CS-1 reports to S/A John Bevington, of the Federal Bureau of Investigation, that he/she currently knows a crack cocaine dealer by the name of "Delante". CS-1 described "Delante" as a black male, mid-twenties, tall, thin, dark skin. CS-1 said he/she has known Delante" for at least the past two years and has known him to be a street level and wholesale dealer of crack cocaine the entire time. CS-1 said "Delante" drives a gold Dodge 300 bearing DC registration CJ-6375. This

vehicle is registered to Evelyn Downey with an address of 637 Hamlin Street, Northeast. CS-1 said "Delante" lives at the target address with his grandmother.

Within the past seventy-two hours, CS-1 reports that he/she was on the porch of the target address along with "Delante" and a third individual. CS-1 said he/she saw "Delante" with a digital scale on top of which he placed a quantity of a rock-like substance which he got from a plastic sandwich bag. CS-1 said "Delante" placed quantities of the rock-like substance on the scale until he reached a desired weight. Once this was achieved, "Delante" gave the rock-like substance on the scale to the third individual on the porch. The third individual then gave "Delante" a sum of paper currency and left. CS-1 said "Delante" then took the scale and the remainder of the rock-like substance in the plastic sandwich bag back into the apartment. CS-1 recognized the rock-like substance as cocaine from his own personal involvement in selling the substance.

Through the COLUMBO Law Enforcement Sysytem your affiant found a Delante WHITE, with a listed address of 637 Hamlin Street, Northeast. WHITE has prior arrests for Distribution and possession with intent to distribute cocaine.

CS-1 has provided information to law enforcement for at least the past seven years. CS-1 has provided specific and detailed information about a number of drug traffickers in the District of Columbia, including residences, telephone numbers, methods of operation and locations of the storage of illegal drugs. CS-1 has provided information leading to the issuance of five (5) DC Superior Court search warrants resulting in the recovery of firearms, marijuana, cocaine and currency. The execution of these search warrants along with additional information has led to the arrest of at least ten (10) individuals for narcotic and firearm violations. CS-1 has never provided information that was later determined to be false in the course of his/her cooperation with your affiant.

4. **JUSTIFICATION FOR THE PLACE TO BE SEARCHED AND ITEMS TO BE SEIZED.**

As a result of the experience and training received from the aforementioned schools and investigations, your affiant is familiar with the actions, traits, habits, and terminology utilized by individuals involved in the drug culture.

Your affiant knows:

1) That drug traffickers often place assets in names other than their own to avoid detection of these assets by government agencies.

2) That even though these assets are in other persons names, the drug traffickers actually own and continue to use these assets and exercise dominion and control over them.

3) That drug traffickers maintain books, records, receipts, notes, ledgers, airline tickets, money orders, and other papers relating to the transportation, ordering sale and distribution of controlled substances.

4) That it is common for drug traffickers to secrete contraband, proceeds of drug sales, and records of drug transactions in secure locations within their residences and/or their businesses for their ready access and to conceal from law enforcement authorities.

5) That drug traffickers conceal in their residences and businesses caches of drugs, large amounts of currency, financial instructions, precious metals, jewelry, and other items of financial transactions relating to obtaining, transferring, secreting, or the spending of large sums of money made from engaging in drug trafficking activities.

6) That drug traffickers commonly maintain addresses or telephone numbers in books or papers, which reflect names, addresses and/or telephone numbers of their associates in the trafficking organizations.

7) That drug traffickers take or cause to be taken photographs of them, their associates, their property, and their product. That the traffickers usually maintain these photographs in their possessions.

8) That drug traffickers commonly use cellular telephones and digital display contact pagers as well as other communications devices to keep in constant contact with suppliers, associates, and clients in the trafficking organization.

9) That based on training and experience, your affiant knows that drug traffickers commonly have in their possession, that is on their person, at their residence and/or their businesses, firearms, including but not limited to handguns, pistols, revolvers, rifles, shotguns, machine guns and other weapons. Said firearms are used to protect and secure a drug trafficker's property. Such property may include, but is not limited to narcotics, jewelry, narcotic paraphernalia, computers, electronic devices, books, records, U.S. Currency, etc.

Based on the listed circumstances, your affiant believes probable cause exits that cocaine is secreted within the target address. Your affiant, Officer Joseph Abdalla, respectfully requests that the Court grant a District of Columbia Superior Court Search Warrant for the residence at 637 Hamlin Street Northeast, apartment #2, Washington, DC.

I SOLEMNLY SWEAR OR AFFIRM UNDER PENALTY OF PERJURY THAT THE CONTENTS OF THIS APPLICATION AND AFFIDAVIT FOR SEARCH AND SEIZURE WARRANT ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
Affiant's Signature
Officer Joseph Abdalla, #3827
Affiant's Printed Name and ID#

*OK Barry Wiegand, AUSA*

SUBSCRIBED AND SWORN BEFORE ME IN MY PRESENCE ON THE 14TH DAY OF FEBRUARY, 2008

_____
JUDGE

# Exhibit B

# SEIZURE LIST

DATE: 2-23-08        LOCATION: 637 Hamlin Street Northeast

SEIZING OFFICER: Michael Iannacchione    CCN# 024-668
ENTRY TIME: 1400    EXIT TIME: 1455    FORCED: No

| ITEM | DESCRIPTION OF PROPERTY | LOCATION | FOUND |
|---|---|---|---|
| 1 | Brown bag containing rock substance(124 grams) and magazine with .40 caliber ammunition | Bedroom near window on clothes pile | Gilmore(#304) |
| 2 | Loose rock (5 grams) | Bedroom floor on flip-flop | Nguyen(#4242) |
| 3 | $2,000.00 currency | Bedroom floor inside shoe | Gilmore(#304) |
| 4 | Mailmatter | Bedroom dresser | Tyler(#2750) |
| 5 | Revolver | Purse inside of bedroom closet | Mcfadden(#3439) |
| 6 | Ammunition | Bedroom under dresser | Tyler(#2750) |
| 7 | Scale/ residue/glove | Bedroom top dresser drawer | Gilmore(#304) |
| 8 | Photo's | Within bedroom | Pearce(#2094 |
| 9 | Gun box | Bedroom under chest | Gilmore(#304) |
| 9a | Magazine (9mm ammunition), empty ammunition box | Bedroom under chest inside of gun box | Gilmore(#304) |
| 10 | Documents | Dining room china cabinet | Hansohn(#2350) |
| 11 | Gucci shoes | Bedroom floor | Tyler(#2750) |
| 12 | Shoebox with plates and razors | Porch | Tyler(#2750) |
| 12a | Residue from shoebox | Porch within shoebox (Item #12) | Tyler (#2750) |
| 13 | Bullet | Porch within bag | Tyler(#2750) |

SEIZING OFFICER: Officer Michael Iannacchione

2-25-08