UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA            Criminal No.: 08-065 (PLF)

v.                                  Status Hearing: May 1, 2008

DELANTE WHITE            /

GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S
MOTION FOR REVIEW AND MODIFICATION OF
CONDITIONS OF PRE-TRIAL RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's motion for review and modification of conditions of pre-trial release. In doing so, the government respectfully requests this Court to affirm Magistrate Judge Robinson's decision and Order detaining the defendant without bond pending trial. As grounds for this opposition, the United States states as follows:

BACKGROUND

On March 18, 2008, the government filed a one-count indictment against the defendant charging him with possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). These charges arose out of the execution of a search warrant on February 23, 2008, at 637 Hamlin Street, N.E., Apartment 2, Washington, D.C. On March 28, 2008, the defendant was arrested on a bench warrant for this case and that same day was arraigned on the indictment before Magistrate Judge Kay. Magistrate Judge Kay granted the government's request to hold the defendant without bond pursuant to 18 U.S.C. § 3142 (f)(1)(c). A detention hearing was scheduled for April 1, 2008.

The detention hearing was held on April 1, 2008, before Magistrate Judge Robinson. The government, without objection by the defense, proceeded by proffer. Indeed, both parties proceeded

by proffer at the detention hearing. Following extended proffers and argument by both parties, Magistrate Judge Robinson found by clear and convincing evidence that no conditions of release or combination of conditions would reasonably assure the safety of the community and ordered the defendant held without bond pending trial pursuant to 18 U.S.C. § 3142(e). Magistrate Judge Robinson further found that the defendant failed to rebut the presumption of dangerousness pursuant to 18 U.S.C. § 3142(e). See Memorandum of Findings of Fact and Statement of Reasons in Support of Order of Detention (dated April 4, 2008).

## ARGUMENT

As a preliminary matter, and as this Court is well aware, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). The parties may proceed by way of "proffer or otherwise," id., and hearsay is permitted. E.g., United States v. Winsor, 785 F.2d 755, 757 (9th Cir. 1986). Moreover, the Government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F.Supp. 34, 36 (D.D.C. 1992). Finally, without a defense proffer that the government's information is incorrect, the defendant is not permitted to cross-examine the government's evidence. United States v. Winsor, 785 F.2d at 757. If there is to be cross-examination, it is limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. E.g., United States v. Suppa, 799 F.2d 115, 120 (9th Cir. 1986); United States v. Williams, 798 F. Supp. at 36.

Under 18 U.S.C. § 3142(e), if a judicial officer finds after a detention hearing that "no

condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."  The judicial determination of whether release conditions will reasonably assure a defendant's appearance and community safety is guided by four statutory factors, i.e., (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  See 18 U.S.C. § 3142(g).  A judicial determination that a defendant should be detained pending trial on grounds of community safety must be supported by clear and convincing evidence.  See United States v. Simpkins, 826 F.2d 94, 96 (D.C. Cir. 1987); United States v. Alatishe, 768 F.2d 364, 370 (D.C. Cir. 1985). When pretrial detention is based on risk of flight, that determination must be supported by a preponderance of the evidence. See United States v. Xulam, 84 F.3d 441, 442 (D.C. Cir. 1996); Simpkins, 826 F.2d at 96; United States v. Vortis, 785 F.2d 327, 328 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986).

  The federal pretrial detention statute also includes a rebuttable presumption of detention that applies when a judicial officer finds probable cause to believe a defendant has committed certain offenses, including an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.  See 18 U.S.C.§ 3142(e).  An indictment charging a qualifying offense is sufficient to trigger this rebuttable presumption.  United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).  Relying on the legislative history of this provision, the Court has observed that the rebuttable presumption covering serious drug trafficking offenses was included because of the "significant risk of pretrial recidivism" among persons charged with major drug

felonies. Alatishe, supra, 768 F.2d at 370 n.13 (citing S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983), U.S. Code Cong. & Admin. News 1984, p. 3203). The Court also has noted that the provision was based on testimony before Congress that "flight to avoid prosecution is particularly high among persons charged with major drug offenses." Id. When the rebuttable presumption of 18 U.S.C. § 3142(e) is triggered, it operates "at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." Id. at 371.

The defendant now moves this Court to modify the order of detention in this case and release him on personal recognizance. In support of his request the defendant makes the following claims: (1) he is life long resident of the District of Columbia area; (2) he has a verified address in this area where he can reside; (3) he is 23 years old; (4) he has one prior conviction for which he successfully completed probation; (5) he is a high school graduate; (6) several members of his family can provide support to him; (7) the government's Brady disclosure questions the nexus between the drugs found and the defendant; and (8) the pre-trial services agency report does not report the presence of any controlled substance use.

Importantly, the defendant neglects to state that the very fact that he has been indicted for possession with intent to distribute 50 grams or more of cocaine base raises the rebuttable presumption of 18 U.S.C. § 3142(e). Magistrate Judge Robinson correctly recognized the applicability of this presumption. After accepting full proffers from both parties and examining the factors under Section 3142(g), Magistrate Judge Robinson correctly concluded that pretrial detention was warranted. Additionally, the defendant does not dispute Magistrate Judge Robinson's findings that (1) he is a danger to the community; (2) he failed to rebut the presumption under 18 U.S.C. § 3142(e); (3) he has a prior felony conviction for virtually the identical offense conduct as alleged in

this case; and (4) he was on release in a District of Columbia Superior Court misdemeanor case at the time of the indictment in this case. The only new information the defendant offers to rebut the presumption of dangerousness is his argument that the government's Brady disclosure now calls into question the defendant's link to the drugs found. The government strenuously disagrees. The government disclosed to the defendant that his grandmother, Ms. Clowney, informed an officer with the Metropolitan Police Department that Delante White stayed 5 or 6 days a week at her apartment located at 637 Hamlin Street, N.E., Apartment 2, Washington, D.C. Ms. Clowney later testified before the Grand Jury that Delante White stayed at her apartment about four times a month, once a week. It is the government's position that the different statements by Ms. Clowney do not severely undercut the government's case and the defendant's nexus to the drugs found. Clearly the defendant still had access to her apartment, stayed there, kept his belongings there and received mail at that location.

In sum, the defendant has failed to present any new information to this Court that would rebut the presumption of dangerousness. Accordingly, the government respectfully requests that his motion for review and modification of conditions of pre-trial release be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

KARLA-DEE CLARK
ASSISTANT UNITED STATES ATTORNEY
555 Fourth Street, N.W., Room 4846
Washington, D.C. 20530
(202) 305-1368

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the Government's Opposition To The Defendant's Motion For Review And Modification Of Conditions Of Pre-Trial Release  was served by first class United States mail upon counsel for the defendant Charles Daum, 736 5th Street, N.E., Washington, D.C.  20002, by facsimile to (202) 546-0330 on this 1st day of May, 2008.

                                          Karla-Dee Clark
                                          Assistant United States Attorney

# Exhibit A

Case 1:08-cr-00065-PLF   Document 11-2   Filed 05/01/2008   Page 1 of 4



## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT
## D.C. SUPERIOR COURT

1. **DESCRITION OF THE RESIDENCE TO BE SEARCHED:**

This application and Affidavit are made to obtain authority to search the premises described below:

**637 HAMLIN STREET NORTHEAST, APARTMENT #2, WASHINGTON, D.C.** The location is described as a three-level red brick apartment building. The numerals "637" are posted on the front of the building. Aparment #2 is located on the first floor and is immediately to your right as you enter the front door. The apartment door is red and the numeral "2" is posted at the top of the door.

2. **AFFIANT'S TRAINING AND EXPERIENCE**

Your affiant, Officer Joseph Abdalla, is an officer with the Metropolitan Police Department, Washington, D.C., and has been employed by said department for over twenty-three years, twenty-one of which I have been assigned as a narcotics investigator.

Throughout my law enforcement career, I have attended classes, seminars, and special training on the manufacturing, packaging, use and distribution of controlled substances, as well as the detection and apprehension of narcotics traffickers. I have personally made over one hundred purchases of illegal narcotics throughout my twenty-three year career. In the course of my police duties, I have interviewed hundreds of persons arrested in Washington D.C., Maryland, and Virginia, who were involved in the illegal narcotics trade and spent hundreds of hours engaged in the surveillance of persons involved in illegal drug activity.

I have participated in a number of long-term drug conspiracy and gang investigations in the role of investigator as well as undercover officer that resulted in prosecutions in the Federal and local courts in the District of Columbia and Maryland. I have also instructed members of the Metropolitan Police Department and other law enforcement agencies in Virginia and Maryland, street level narcotics and other associated classes for "Police Training Services", as well the Metropolitan Police Department to law enforcement agencies in Virginia and Maryland.

In addition, I have been the affiant on more than two hundred narcotic, document, or firearm search warrants in the District of Columbia and Maryland. Through my experience and training, I have become familiar with the street-level, mid-level, and wholesale distribution and sale of illicit drugs and with the practices of narcotics-trafficking organizations of various sizes in the Washington, D.C., Metropolitan area.

3. **PROBABLE CAUSE (FACTUAL BASIS)**

CS-1 reports to S/A John Bevington, of the Federal Bureau of Investigation, that he/she currently knows a crack cocaine dealer by the name of "Delante". CS-1 described "Delante" as a black male, mid-twenties, tall, thin, dark skin. CS-1 said he/she has known Delante" for at least the past two years and has known him to be a street level and wholesale dealer of crack cocaine the entire time. CS-1 said "Delante" drives a gold Dodge 300 bearing DC registration CJ-6375. This

vehicle is registered to Evelyn Downey with an address of 637 Hamlin Street, Northeast. CS-1 said "Delante" lives at the target address with his grandmother.

Within the past seventy-two hours, CS-1 reports that he/she was on the porch of the target address along with "Delante" and a third individual. CS-1 said he/she saw "Delante" with a digital scale on top of which he placed a quantity of a rock-like substance which he got from a plastic sandwich bag. CS-1 said "Delante" placed quantities of the rock-like substance on the scale until he reached a desired weight. Once this was achieved, "Delante" gave the rock-like substance on the scale to the third individual on the porch. The third individual then gave "Delante" a sum of paper currency and left. CS-1 said "Delante" then took the scale and the remainder of the rock-like substance in the plastic sandwich bag back into the apartment. CS-1 recognized the rock-like substance as cocaine from his own personal involvement in selling the substance.

Through the COLUMBO Law Enforcement Sysytem your affiant found a Delante WHITE, with a listed address of 637 Hamlin Street, Northeast. WHITE has prior arrests for Distribution and possession with intent to distribute cocaine.

CS-1 has provided information to law enforcement for at least the past seven years. CS-1 has provided specific and detailed information about a number of drug traffickers in the District of Columbia, including residences, telephone numbers, methods of operation and locations of the storage of illegal drugs. CS-1 has provided information leading to the issuance of five (5) DC Superior Court search warrants resulting in the recovery of firearms, marijuana, cocaine and currency. The execution of these search warrants along with additional information has led to the arrest of at least ten (10) individuals for narcotic and firearm violations. CS-1 has never provided information that was later determined to be false in the course of his/her cooperation with your affiant.

4. **JUSTIFICATION FOR THE PLACE TO BE SEARCHED AND ITEMS TO BE SEIZED.**

As a result of the experience and training received from the aforementioned schools and investigations, your affiant is familiar with the actions, traits, habits, and terminology utilized by individuals involved in the drug culture.

Your affiant knows:

1) That drug traffickers often place assets in names other than their own to avoid detection of these assets by government agencies.

2) That even though these assets are in other persons names, the drug traffickers actually own and continue to use these assets and exercise dominion and control over them.

3) That drug traffickers maintain books, records, receipts, notes, ledgers, airline tickets, money orders, and other papers relating to the transportation, ordering sale and distribution of controlled substances.

4) That it is common for drug traffickers to secrete contraband, proceeds of drug sales, and records of drug transactions in secure locations within their residences and/or their businesses for their ready access and to conceal from law enforcement authorities.

5) That drug traffickers conceal in their residences and businesses caches of drugs, large amounts of currency, financial instructions, precious metals, jewelry, and other items of financial transactions relating to obtaining, transferring, secreting, or the spending of large sums of money made from engaging in drug trafficking activities.

6) That drug traffickers commonly maintain addresses or telephone numbers in books or papers, which reflect names, addresses and/or telephone numbers of their associates in the trafficking organizations.

7) That drug traffickers take or cause to be taken photographs of them, their associates, their property, and their product. That the traffickers usually maintain these photographs in their possessions.

8) That drug traffickers commonly use cellular telephones and digital display contact pagers as well as other communications devices to keep in constant contact with suppliers, associates, and clients in the trafficking organization.

9) That based on training and experience, your affiant knows that drug traffickers commonly have in their possession, that is on their person, at their residence and/or their businesses, firearms, including but not limited to handguns, pistols, revolvers, rifles, shotguns, machine guns and other weapons. Said firearms are used to protect and secure a drug trafficker's property. Such property may include, but is not limited to narcotics, jewelry, narcotic paraphernalia, computers, electronic devices, books, records, U.S. Currency, etc.

Based on the listed circumstances, your affiant believes probable cause exits that cocaine is secreted within the target address. Your affiant, Officer Joseph Abdalla, respectfully requests that the Court grant a District of Columbia Superior Court Search Warrant for the residence at 637 Hamlin Street Northeast, apartment #2, Washington, DC.

I SOLEMNLY SWEAR OR AFFIRM UNDER PENALTY OF PERJURY THAT THE CONTENTS OF THIS APPLICATION AND AFFIDAVIT FOR SEARCH AND SEIZURE WARRANT ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
Affiant's Signature
Officer Joseph Abdalla, #3827
Affiant's Printed Name and ID#

Barry Wiegand, AUSA

SUBSCRIBED AND SWORN BEFORE ME IN MY PRESENCE ON THE 14TH DAY OF FEBRUARY, 2008

_____
JUDGE

# Exhibit B

## SEIZURE LIST

DATE: 2-23-08            LOCATION:  637 Hamlin Street Northeast

SEIZING OFFICER: Michael Iannacchione      CCN# 024-668
ENTRY TIME: 1400      EXIT TIME: 1455      FORCED: No

| ITEM | DESCRIPTION OF PROPERTY | LOCATION | FOUND |
| --- | --- | --- | --- |
| 1 | Brown bag containing rock substance(124 grams) and magazine with .40 caliber ammunition | Bedroom near window on clothes pile | Gilmore(#304) |
| 2 | Loose rock (5 grams) | Bedroom floor on flip-flop | Nguyen(#4242) |
| 3 | $2,000.00 currency | Bedroom floor inside shoe | Gilmore(#304) |
| 4 | Mailmatter | Bedroom dresser | Tyler(#2750) |
| 5 | Revolver | Purse inside of bedroom closet | Mcfadden(#3439) |
| 6 | Ammunition | Bedroom under dresser | Tyler(#2750) |
| 7 | Scale/ residue/glove | Bedroom top dresser drawer | Gilmore(#304) |
| 8 | Photo's | Within bedroom | Pearce(#2094 |
| 9 | Gun box | Bedroom under chest | Gilmore(#304) |
| 9a | Magazine (9mm ammunition), empty ammunition box | Bedroom under chest inside of gun box | Gilmore(#304) |
| 10 | Documents | Dining room china cabinet | Hansohn(#2350) |
| 11 | Gucci shoes | Bedroom floor | Tyler(#2750) |
| 12 | Shoebox with plates and razors | Porch | Tyler(#2750) |
| 12a | Residue from shoebox | Porch within shoebox (Item #12) | Tyler (#2750) |
| 13 | Bullet | Porch within bag | Tyler(#2750) |

SEIZING OFFICER: Officer Michael Iannacchione

2-25-08