UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  08-065 (PLF) |
| | : | |
| v. | : | |
| | : | |
| DELANTE D. WHITE | : | |
| | : | |
| Defendant. | : | |
| ———————————————— | : | |

GOVERNMENT'S NOTICE AND MOTION
TO PERMIT USE OF OTHER CRIMES EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby gives notice and moves the Court to permit use by the government of evidence of another crime committed by the defendant, pursuant to rule 404(b) of the Federal Rules of Evidence.

Background

Defendant White has been charged by indictment with one count of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).  The instant charges are based on the execution of a search warrant upon an apartment where the defendant stayed, or at a minimum frequented on a regular basis, 637 Hamlin Street, N.E., #2 Washington, D.C., on February 23, 2008, at approximately 2:00 p.m.  The evidence indicates that the defendant's non-biological "grandmother" is the sole leaseholder of this residence. During the execution of the warrant, law enforcement officers recovered approximately 124.95 grams (combined net weight) of cocaine base (crack); a magazine with .40 caliber ammunition; a magazine with .9mm ammunition; an empty ammunition box; a digital scale; gloves; a shoebox containing plates and razors; a bullet; $2,000.00 in United States currency; mail matter belonging

to the defendant; photographs; men's clothing and a pair of Gucci shoes. All of these items were recovered in various locations inside the apartment including the bedroom, the dining room and porch area.

Admissibility of 2002 Drug Activity
Under Rule 404(b) of the Federal Rules of Evidence

The government seeks to introduce the defendant's conduct underlying his 2002 conviction as the other crimes evidence. On December 19, 2002, the defendant pled guilty to Distribution of Cocaine and Possession With Intent to Distribute Cocaine in the Superior Court for the District of Columbia, criminal case number 2002FEL003095. This 2002 conviction was based on a buy-bust operation by members of the Focus Mission Team of the Metropolitan Police Department that occurred on May 17, 2002, in the 600 block of Hamlin Street, NE, Washington, D.C. Undercover officers asked the co-defendant William Bates where they could find stones, a street term for rock cocaine. Co-defendant Bates observed the defendant Delante White driving a Lincoln vehicle into the 600 block of Hamlin Street, Northeast. At that time co-defendant Bates told the undercover officers to pull over in their vehicle. Co-defendant Bates then had a conversation with the defendant Delante White, who in turn handed co-defendant Bates something in his hand. Co-defendant Bates then returned to the undercover officers and handed to one of the undercover officers two clear bags containing an off-white rock substance. The undercover officer gave co-defendant Bates a pre-recorded twenty dollar bill. A field test conducted on a portion of the rock substance in the clear bags tested positive for cocaine.

The undercover officers gave a look-out description for the Lincoln being driven by the defendant Delante White and while those officers were still in the block that vehicle was stopped. The undercover officers positively identified the vehicle. Co-defendant Bates also was stopped in

the 600 block of Hamlin Street, Northeast.  An officer opened the driver's side door of the Lincoln and observed the defendant Delante White sitting in the driver's seat.  That same officer observed in plain view in his lap United States currency and six clear ziplocks, each containing a tan rock substance.  Furthermore, the defendant Delante White had in his hand a medium size ziplock that contained a smaller clear ziplock of a tan rock substance.  The officer told defendant Delante White to drop it in his hand.  Defendant Delante White complied.  The officer then removed the United States currency and six clear ziplocks from defendant Delante White's lap.  The pre-recorded funds were found on defendant Delante White.  The substances in all of the ziplock bags were analyzed by the Drug Enforcement Agency and were found to be cocaine base.

Rule 404(b) of the Federal Rules of Evidence provides in pertinent part:

> **(b) Other Crimes, Wrongs, or Acts.**--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b).  In this case, the government will offer evidence that the defendant's acts in distributing cocaine base and possessing with intent to distribute cocaine base in 2002, as described above, shows intent, knowledge, and absence of mistake with respect to the instant indictment, possession with intent to distribute cocaine base.  It is highly relevant where, as in the instant case, the defendant is charged with constructive possession of the same type of contraband, cocaine base.  Here, the government is required to prove, "among other things that the defendant possessed crack cocaine, that he did so knowingly and intentionally - that is, 'consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently' - and that when the defendant possessed the crack, he

had the specific intent to distribute it." See United States v. Crowder, 141 F.3d 1202, 1209 n.5 (D.C. Cir.1998) (Crowder II) (quoting Criminal Jury Instructions For The District of Columbia, Instruction 4.29 (4th ed.1993)), cert. denied, 525 U.S. 1149 (1999), and 528 U.S. 1140 (2000).

Rule 404(b) is a Rule of inclusion, not exclusion, and it excludes evidence that is offered for one purpose, to prove that a person's actions conformed to his or her character.  United States v. Douglas, 482 F.3d 591, 596 (D.C. Cir. 2007).  Determining the admissibility of prior crimes or bad acts is a two-step process.  First, the Court determines whether the other crime or act is relevant and, if so, whether it is relevant to something other than the defendant's character or propensity.  United States v. Bowie, 232 F.3d 923, 930 (D.C. Cir. 2000); Douglas, 482 F.3d at 596.  If the Court finds the evidence to be properly relevant, it then goes on to determine whether the evidence should nonetheless be excluded under other rules of evidence, such as rule 403.  Bowie, 232 F.2d at 930.

Here, the government will not be offering the evidence to prove the defendant's character, but to show that on February 23, 2008, he knew what cocaine base was, he knew how to sell and distribute cocaine base, and he was aware that there was cocaine base inside of the apartment where he stayed with his grandmother and/or frequented.  The case law in this Circuit supports admitting prior drug activity in a drug prosecution.  In United States v. Watson, 171 F.3d 695 (D.C. Cir. 1999), the Court of Appeals acknowledged that prior acts of drug trafficking are relevant, under Rule 404(b), to show the defendant knew how to sell drugs.  Id. at 239; accord United States v. Washington, 969 F.2d 1073, 1081 (D.C. Cir. 1992) (the Court of Appeals upheld the admission of the defendant's act of selling drugs that preceded the charged offense of distribution, because it was "probative of intent, knowledge and plan on the part of Washington").  Similarly, in  United States v. Cassell, 292 F.3d 788, (D.C. Cir. 2002), the defendant was charged with constructively possessing

4

firearms that the police found during a search of the bedroom that Cassell occupied in his uncle's home.  Id. at 790-91. The district court admitted, under Rule 404(b), evidence that: (1) a few weeks before the search, the police found a loaded firearm that fell from underneath the rear bumper of Cassell's car when it was being towed; and (2) three years earlier, Cassell had been convicted of possessing a loaded firearm.  Id. at 790.  The Court concluded that evidence of the prior firearms crimes was admissible, reasoning that because the defendant had not been in actual possession of the charged firearms, the government was required to prove he "knew of, and was in a position to exercise dominion and control" over, the firearms found in his bedroom - that is, that he constructively possessed them.  Id. at 792- 793 (internal quotation marks and citations omitted). Therefore, the government had to establish proof of:  (1) a physical element -- dominion and control; and (2) a mental element -- knowing possession.  Id. at 793.  In analyzing the relevance of the prior firearms evidence to prove constructive possession, the Court relied on its earlier holding in United States v. King, 254 F.3d 1098, 1100 (D. C. Cir. 2001), that, "'[i]n cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" Id. at 793.  The Court concluded that the evidence of prior firearms crimes was relevant to show the defendant's "knowledge of and intent to possess the firearms recovered from his bedroom."  Id. at 793, 796.  The prior crimes evidence "tend[ed] to make it less probable that the weapons recovered from [Cassell's] bedroom were there without his knowledge, without intent, or by accident or mistake." Id. at 796.

In addition, as the Court of Appeals held in its en banc decision in Crowder II, evidence of a defendant's prior drug activity is relevant to show that he has "knowledge of the substance within

his possession." 141 F.3d at 1208 (internal quotation marks omitted). As the Court explained further in a footnote: "A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show he knew how to get drugs, what they looked like, where to sell them, and so forth." Id. at 1208 n.5.

Also particularly instructive is United States v. Burch, 156 F.3d 1315 (D.C. Cir. 1998), cert. denied, 526 U.S. 1011 (1999). In Burch, the trial court admitted evidence of the defendant's prior drug conviction, under Rule 404(b), in part because the prior conviction involved the same drug, and the Court of Appeals affirmed. Id. at 1324. In this case, the defendant's 2002 drug activity involved the same drug, cocaine base, as charged in the instant indictment.

Finally, and most recently, the Court of Appeals affirmed the admission of evidence of past drug activity in United States v. McCarson, No. 06-3130 (D.C. Cir. May 27, 2008). In McCarson, the Court of Appeals found the admission of evidence of the defendant's four prior convictions, two for possession of a gun and two for distribution of crack cocaine, under Rule 404(b) was proper. In so doing, the Court reaffirmed its holdings in Cassell, supra, 292 F.3d at 792-95 and Douglas, supra, 482 F.3d at 596-600, that where a defendant is charged with constructive possession of the same type of contraband, evidence of his prior offense involving the sale of a drug is relevant to prove that the defendant knew he possessed the drug and had the intent to distribute it. Id. at slip op. 5. Furthermore, the Court again rejected the argument regarding the distinction between knowledge and possession in a constructive possession case, because a successful conviction for a constructive possession conviction requires proof of a mental element, the knowing possession, as well as the physical element of dominion and control. Id. at 5-6.

In the case at bar, evidence that the defendant distributed cocaine base and possessed cocaine base with the intent to distribute it in 2002 makes it more probable that, on February 23, 2008, the defendant knew that the substance in his constructive possession was cocaine base and also makes it more probable he intended to distribute that cocaine base. Furthermore, the government is entitled to seek its admission "free from any defendant's option to stipulate the evidence away." Old Chief v. United States, 519 U.S. 172, 189 (1997); see also id. at 190 ("if, indeed, there were a justification for receiving evidence of the nature of prior acts on some issue other than status (i.e., to prove 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident,' Fed. Rule Evid. 404(b)), Rule 404(b) guarantees the opportunity to seek its admission"). As held in Crowder II, 141 F.3d at 1206, "a defendant's offer to stipulate or concede an element of an offense... does not deprive the government's evidence of relevance."

As for Rule 403,[1] that rule tilts in favor of admission in close cases, even when Rule 404(b) evidence is involved, and the balance should be struck in favor of admission "when the evidence indicates a close relationship to the event charged." Cassell, supra, 292 F.3d at 795(internal quotation marks omitted). In this case, the government will argue that the defendant was in constructive possession of the cocaine base, digital scale, and United States currency and other items recovered from 637 Hamlin Street, N.E., apartment 2. In addition, as previously stated above, there is a "close relationship" between the defendant's 2002 conviction and the instant case given the

---

[1]     Rule 403 states:  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of unde dely, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

common narcotics – cocaine base – involved.  When the purpose of disputed evidence is to show state of mind, as in this case, probative value is high.  See id. at 796.

Moreover, in McCarson the Court of Appeals not only found the defendant's prior convictions relevant and highly probative of his intent to distribute and constructive possession, such evidence "tended to undercut his argument at trial that the contraband belonged to his girlfriend because the Marshals found the contraband in his girlfriend's apartment inside a dresser containing what appeared to be her rather than his belongings."  McCarson, supra, slip op. at 6.  Importantly, the Court also found that where there is no "compelling or unique evidence of prejudice" a limiting instruction to the jury that the evidence was being admitted and to be considered only "with respect to the issues of intent and knowledge and for nothing else" sufficiently protected the defendant's interest in being free from under prejudice by virtue of the prior convictions being put into evidence. Id. at 6-7.

<u>Conclusion</u>

The defendant's prior act of distributing cocaine and possessing with intent to distribute cocaine are admissible in the government's case-in-chief to show intent, knowledge, and absence of

8

mistake.  The government respectfully requests that it be permitted to introduce the offered other crimes evidence at trial.

                                Respectfully submitted,

                                JEFFREY A. TAYLOR
                                United States Attorney

By:                 /s/
                                Karla-Dee Clark
                                Assistant United States Attorney
                                D.C. Bar No. 435-782
                                555 Fourth Street, N.W., Room 4846
                                Washington, D.C. 20530
                                (202) 305-1368
                                Karla-Dee.Clark@usdoj.gov