UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.: 08-065 (PLF) |
| v. | : | Judge Friedman |
| DELANTE WHITE | : | June 26, 2008 |
| Defendant. | : | |

**DEFENDANT WHITE'S OPPOSITION TO THE GOVERNMENT'S MOTION TO PERMIT USE OF OTHER CRIMES EVIDENCE**

COMES NOW the defendant Delante White, by and through counsel Charles F. Daum, respectfully asking this Court to deny the Government's Motion to Permit Use of Other Crimes Evidence. In support of this Motion, the defendant avers the following:

1. On February 14, 2008, Officer Abdalla filed an affidavit in support of the Metropolitan Police Department's request for a warrant to search 637 Hamlin Street, Northeast, apartment #2, Washington, D.C. The Court granted Officer Abdalla a warrant to search the residence. The warrant was executed on February 23, 2008.

2. According to the Government, the search of the residence recovered approximately, 124.95 grams of cocaine base (crack); a magazine with .40 caliber ammunition; a magazine with .9mm ammunition; an empty ammunition box; a digital scale; gloves; a shoebox containing plates and razors; a bullet; $2,000.00 in United States currency; mail matter belonging to the defendant; photographs; men's clothing; and a pair of Gucci shoes.

4. Based on this evidence, the Government charged Mr. White with one count of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).

5. The Government filed a Notice and Motion to Permit Use of Other Crimes Evidence on June 24, 2008. The Government intends to introduce evidence of Mr. White's 2002 conviction for Distribution of Cocaine and Possession With Intent to Distribute Cocaine.

6. The Defendant opposes the Government's motion because the 2002 conviction presents little, if any, evidence that is relevant to this matter. Moreover, its lack of probative value is substantially overwhelmed by its prejudicial effect, in that it will invite the jury to make unfounded and impermissible inferences as to Mr. White's constructive possession of the cocaine base recovered from his grandmother's apartment.

WHEREFORE, the defendant respectfully requests this Court to deny the Government's Motion to Permit Use of Other Crimes Evidence. If Mr. White is to be tried on the facts of the case as opposed to the content of his character or his propensity to sell drugs, Mr. White's 2002 conviction must not be admitted.

Respectfully submitted,

_____

Charles F. Daum, Esquire

## Certificate of Service

This twenty-sixth day of June, 2008, it is hereby certified that a true and correct copy of the defendant's opposition to the Government's notice of other crimes evidence has been sent to AUSA Karla Dee Clark by electronic transmission.

_____

Charles F. Daum, Esquire

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.: 08-065 (PLF) |
| v. | : | Judge Friedman |
| DELANTE WHITE | : | June 26, 2008 |
| Defendant. | : | |

DEFENDANT WHITE'S MEMORANDUM IN SUPPORT OF
HIS OPPOSITION TO THE GOVERNMENT'S MOTION TO PERMIT USE OF
OTHER CRIMES EVIDENCE

COMES NOW the defendant Delante White, by and through counsel Charles F. Daum, respectfully asking this Court to grant this deny the Government's Motion to Permit Use of Other Crimes Evidence. In support of this Motion, this Memorandum of Points and Authorities is submitted.

**FACTUAL BACKGROUND**

On February 14, 2008, Officer Abdalla filed an affidavit in support of the Metropolitan Police Department's request for a warrant to search 637 Hamlin Street, Northeast, apartment #2, Washington, D.C. The Court granted Officer Abdalla a warrant to search the residence. The warrant was executed on February 23, 2008.

According to the Government, the search of the residence recovered approximately, 124.95 grams of cocaine base (crack); a magazine with .40 caliber ammunition; a magazine with .9mm ammunition; an empty ammunition box; a digital scale; gloves; a shoebox containing plates and razors; a bullet; $2,000.00 in United States currency; mail matter belonging to the defendant; photographs;

men's clothing; and a pair of Gucci shoes. Based on this evidence, the Government charged Mr. White with one count of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).

## ANALYSIS

### I. Introduction: Issue and Government's Position

On June 24, 2008, the Government filed a motion informing the Court and Mr. White of its intent to present evidence of Mr. White's prior crimes pursuant to Rule 404(b) of the Federal Rules of Evidence. This memorandum explains why this Court should deny that motion.

### II. Controlling Law: Federal Rules of Evidence 404(b) and 403

#### A. Rule 404(b)

The controlling law on this issue is Rule 404(b) of the Federal Rules of Evidence. FED. R. EVID. 404(b). The first sentence of Rule 404(b) echoes the sentiment of Rule 404(a)'s general prohibition of character evidence. Recognizing the severe prejudice that can result from the introduction of evidence of prior convictions, Rule 404(b) expressly prohibits the Government's use of the Defendant's prior convictions to establish that the Defendant acted in conformity with these prior transgressions.

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.

Id. Rule 404(b) then establishes the following non-exhaustive list of exceptional reasons that *may* justify the introduction of evidence of prior crimes, wrongs or acts,

> It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, ...

Id.

### B. The Two Step Process For Analyzing Rule 404(b) Motions

The Court has adopted a two-step process for evaluating Rule 404(b) motions. See United States v. Crowder, 141 F.3d 1202, 1204 (D.C. Cir. 1998). The Court first examines whether the prior crime is relevant in light of Rule 404(b). To establish relevance for purposes of Rule 404(b), the Government must demonstrate that the prior conviction is relevant to an issue other than the defendant's character or propensity to commit a crime. See United States v. Bowie, 232 F.3d 923, 930 (D.C. Cir. 2000). Should the Court determine that the prior crime is relevant for purposes of Rule 404(b), then it must determine whether the evidence should nevertheless be excluded pursuant to the other Federal Rules of Evidence, most notably Rule 403's prohibition of unduly prejudicial evidence. See id. at 930.

### III. Rule 404(b) and the Relevance of Mr. White's Prior Crime

In this case, the Government claims that Mr. White's 2002 conviction for Distribution of Cocaine and for Possession With Intent to Distribute Cocaine is admissible under Rule 404(b) because it is relevant not only to Mr. White's

character, but also to the fact that "he knew what cocaine base was, he knew how to sell and distribute cocaine base, and he was aware that there was cocaine base inside of the apartment where he stayed with his grandmother and/or frequented." See Gov.'s Rule 404(b) Motion at 4 (June 24, 2008). But before analyzing the relevance of the evidence of Mr. White's prior crime, it is important to understand what the Government will be required to prove in this case. To prove that Mr. White constructive possessed cocaine with the intent to distribute it, the Government must demonstrate beyond a reasonable doubt "that the defendant possessed [cocaine base], that he did so knowingly and intentionally-that is, 'consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently'-and that when the defendant possessed the [cocaine base], he had the specific intent to distribute it." See Crowder, 141 F.3d at 1209 n.6. Given this understanding of the Government's burden, it is now possible to examine the merits of the Government's claim that Mr. White's 2002 conviction is relevant under Rule 404(b).

First, the Government claims that Mr. White's prior conviction is relevant to establish that "he knew what cocaine base was." See id. Presumably, the Government's implication here is that Mr. White's conviction in 2002 for Distribution and Possession With Intent to Distribute Cocaine is relevant to this case because it suggests that Mr. White posses some extraordinary ability to identify crack cocaine. Citing Rule 404(b) and several cases, the Government asserts that this unique "knowledge" fits into the "knowledge" exception expressly

mentioned in Rule 404(b).  Though "knowledge" may be a valid justification for the admission of Mr. White's 2002 conviction for purposes of Rule 404(b), given the Government's burden to prove that Mr. White "knowingly possessed" cocaine base, none of the cases cited by the Government explain why the Court believes that a defendant is uniquely qualified by a prior drug-related conviction to positively identify an illegal substance when seen or handled again.  Furthermore, Mr. White's ability to identify cocaine base is not at issue in this case.  However, this issue is discussed more thoroughly below in the section on Rule 403.

      The Government also claims that Mr. White's 2002 conviction is relevant for purposes of Rule 404(b) to establish that he knows how to sell and distribute cocaine base.  See id.  It appears that the Government is again referencing Rule 404(b)'s "knowledge" "exception."  However, in this case, Mr. White's knowledge of how to "sell and distribute" cocaine base has no relevance to the present charge, which is that he illegally possessed cocaine base with the *intent* to distribute it.  His prowess in the distribution of cocaine base is irrelevant to the present charge.  All that matters is whether the Government can prove that Mr. White had the specific intent to distribute the cocaine base discovered in his grandmother's apartment.  Therefore, the Government cannot justify the admission of the 2002 convictions based this claimed relevance.

      However, given the Government's numerous claims that Mr. White's 2002 conviction is relevant to proving "intent," it is necessary for a proper rebuttal to presume that the Government believes that the 2002 conviction is relevant because

it suggests that Mr. White's possession of the cocaine was accompanied by an intention to distribute it. Given the Government's numerous case citations and the fact that Mr. White's specific intent is a factor in the present charge, it appears that Mr. White's 2002 convictions are relevant under Rule 404(b) as evidence of intent.[1] However, the next section applying Rule 403 fully vets this issue and explains that it is of little probative value in this case when compared to the overwhelming prejudice that will result from the introduction of Mr. White's 2002 conviction.

Finally, the Government claims that Mr. White's 2002 conviction is relevant for purposes of Rule 404(b) to demonstrate that Mr. White "was aware that there was cocaine base inside of the apartment where he stayed with his grandmother and/or frequented." See id. It is impossible to follow the Government's logic here. According to the Government, Mr. White's prior conviction in 2002 for distributing drugs out of his vehicle, from his lap, is relevant because it suggests that he was aware of the presence of cocaine base in his grandmother's house in early 2008. Clearly, the prior, unrelated conviction does nothing to suggest that Mr. White did or should have known that there was

---

[1] It is necessary here to note the inconsistency of the Circuit's current position with respect to proving intent. Though the Court recognizes that Rule 404(b) prohibits the introduction of evidence of prior crimes to demonstrate a *propensity* to commit another criminal act, it permits the introduction of evidence of prior identical or similar specific intent crimes as evidence that the defendant has a propensity *to intend* to commit this crime whenever presented with a certain set of facts. In essence, the Court's interpretation of Rule 404(b) permits the Government to present evidence that invites the jury to infer that because a person once demonstrated the requisite intent to commit an illegal act, he must always possess that requisite intent. If that is not propensity evidence, then what is?

cocaine base in the apartment.[2]  Rather, the numerous cases cited by the Government all suggest that Mr. White's prior conviction is relevant with respect to "knowledge," as understood in Rule 404(b), only to the extent that it suggests that Mr. White would not confuse cocaine base for a licit product, like flour.  Rule 404(b) does not permit the introduction of evidence of prior crimes to suggest that if a person used to sell drugs out of his car, then he must also know/possess any drugs located in his family members' homes.

Consequently, Mr. White's conviction is, at best, relevant for purposes of Rule 404(b) for only two purposes: 1) to suggest that Mr. White's prior experience in the drug trade provided him with a unique ability to identify crack cocaine; and 2) to suggest that Mr. White's prior conviction demonstrates his specific intent to distribute crack cocaine in his possession.  Therefore, the remainder of this memorandum analyzes the probative value of the 2002 conviction with respect to these two issues and the counterbalancing prejudice that results from its revelation to the jury.

### IV. Rule 403: Probative Value of Mr. White's Prior Crime Versus the Prejudicial Impact of Its Revelation to the Jury.

Should the Court determine that Mr. White's 2002 conviction is relevant for purposes of  Rule 404(b), it will then have to determine whether the prejudicial effect of revealing that conviction outweighs its probative value.  See United

---

[2] It should be noted here that Mr. White adamantly denies that he resided in or frequented his Grandmother's apartment.

States v. Douglas, 482 F.3d 591, 600 (D.C. Cir. 2007). In this inquiry, the Court turns to Rule 403, which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FED. R. EVID. 403. In other words, the Court must exclude evidence of Mr. White's prior conviction if the prejudicial impact of its revelation to the jury substantially outweighs its probative value. See Douglas, 482 F.3d at 600. Where "the [prior crimes] evidence indicates a close relationship to the event charged[,]" the balance between prejudicial effect and probative value "should generally be struck in favor of admission ... ." Id. (quoting United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002)).

### A. The 2002 Conviction's Lack of Probative Value

The Government contends that there is a "close relationship" between the defendant's 2002 conviction and this case because the illegal substance in both cases was cocaine base. The Government's analysis of the "closeness" of the relationship between the two cases is overly constrained to this narrow issue. Though it is true that cocaine base was the relevant substance in both incidents, the alleged method of possession in the cases is completely different. In the 2002 conviction, the Government demonstrated that Mr. White actually possessed the cocaine base. Here, the Government will be required to demonstrate that Mr. White constructively possessed the cocaine base. The issue of constructive

possession in this case will turn on Mr. White's physical dominion over the room in which the illicit cocaine base was found. As a consequence, it becomes important to note that the 2002 conviction involved Mr. White distributing cocaine base from his vehicle, while this case involves an allegation that he was possessing cocaine base inside his grandmother's apartment. The fact that Mr. White distributed drugs from his vehicle does nothing to establish that he constructively possessed cocaine base in his grandmother's apartment over five years later.

Other than the fact that both alleged offenses involve cocaine base the two offenses have almost nothing in common. The alleged method of possession is different. The alleged crimes are of a different nature, and even the location of the alleged possession is different. These differences rob the 2002 conviction of most of its probative value, save for the Government's claims that it suggests that Mr. White has a unique ability to identify cocaine base and its suggestion that Mr. White's possession of cocaine base necessarily means that he intended to distribute it. Each of these issues are taken in turn.

First, Mr. White's 2002 conviction does nothing to qualify his ability to identify cocaine base. Though the cases cited by the Government often make the blanket statement that a prior conviction for possession or distribution of an illicit substance is probative of the defendant's "knowing" possession of the same or a related substance at a later date, it appears that the Court has never qualified this opinion. Though Mr. White's prior conviction strongly suggests that he has handled and even sold cocaine base, it does not credibly suggest that he possess a

unique ability to discern actual cocaine base from an innocuous imposter, like flour. Unless the Government is able to present some other evidence of Mr. White's expertise, then the 2002 conviction carries little, if any, probative value of his "knowledge" that what he allegedly possessed was cocaine base-"knowing possession."

More importantly, Mr. White's ability to identify cocaine base is of almost no importance in this case. Though the Government must prove that Mr. White was not confused as to the nature of the evidence, the true issue is whether Mr. White exercised physical control over the area in which the cocaine base was found for purposes of constructive possession. To that end, Mr. White's unsubstantiated ability to identify cocaine base from other innocuous imposters is wholly irrelevant.

Second, the Government claims that 2002 conviction is relevant to this proceeding because it suggests that Mr. White intended to distribute the cocaine base at issue here. Leaving aside the argument found in footnote 1 of this memorandum, it appears that under the relevant case law presented by the Government, such a prior conviction is probative of the defendant's intent to distribute, which is an element of charged offense. However, like Mr. White's ability to identify cocaine base, this is not a disputed issue in this case. The only disputed issue in this case is Mr. White's constructive possession of the cocaine base as determined by his physical control over the area in which the drugs were found. Evidence of Mr. White's intent to distribute that cocaine base is irrelevant

to this lone disputed issue.

Moreover, given the overwhelming evidence of intent, Mr. White is prepared to stipulate that the possessor of the cocaine base also had the intent to distribute it. Though such a stipulation does not require the suppression of the 2002 conviction as it relates to this issue, the Court is permitted to consider such stipulations in making Rule 403 determinations. See Crawford, 141 F.3d at 1210. Given the judicial economy created by this stipulation, the undisputed and relatively irrelevant nature of these issues, and the substantial prejudice described below, this Court should accept Mr. White's stipulation and not permit the Government to introduce the 2002 conviction for purposes of demonstrating his intent to distribute the cocaine base found during the search.

### B. The Substantial Prejudice of Revealing Mr. White's Conviction

Many, if not most, of the cases cited by the Government noted that a certain amount of prejudice will always accompany the revelation of a defendant's prior conviction. According to the Court, the fear that the jury may use the prior crime evidence to convict the defendant based on a perceived propensity or based on his character is independently insufficient to exclude such evidence, provided that it is sufficiently probative of a material fact. However, there is a key distinction between the facts of those cases and the facts here, which substantially increases the prejudicial effect of the introduction of the 2002 convictions.

In nearly all of the cases cited by the Government, there is little doubt that

the defendant exercises at least some control over the area in which the contraband was found. This is an important distinction between these cases and the current case because if the physical element of constructive possession is fairly established, then the prejudicial effect of the introduction of the prior conviction is limited primarily to the mental element of constructive possession, which inquires into the defendant's knowledge of the presence of the contraband and his ability to recognize it as contraband. However, where the physical element is missing or tenuous, as it is in this case, then there is a unique danger that the jury will use the defendant's prior conviction for a related or identical offense to infer that he must have been in control of the room because that is where the contraband was found and he has a history of being where the contraband is. Under Rule 404(b), this is an impermissible inference because its reasoning is based solely on the defendant's propensity to be involved in illicit conduct (once a drug dealer, always a drug dealer). This point is best explained through a brief examination of the Court's reasoning in United States v. Watson. See 171 F.3d 695 (D.C. Cir. 1999).

Unfortunately, Watson was decided on other grounds, but it does provide an analysis of a case with similar flaws in the establishment of the physical element of constructive possession. See id. at 702. Mr. Watson was charged, *inter alia*, with Possession With Intent to Distribute Cocaine, which was recovered from a Subaru that Mr. Watson allegedly owned. See id. at 697-98. At trial, the Government presented little evidence that definitively linked Mr. Watson to the vehicle, making the primary issue throughout the case the definitive establishment

of the ownership of the vehicle and its chain of custody on the day in question. See id. In other words, the case turned on the physical element of constructive possession.

In its case-in-chief, the Government sought to introduce evidence of Mr. Watson's 1988 conviction for drug trafficking. See id. at 702. The Court described the issue of its admission as "undoubtedly a close question." Id. On the one hand, the Court recognized "the prosecutor's right to tell the story with 'descriptive richness[,]'" but on the other hand, it believed that the 1998 conviction was, "at best, remotely probative of non-contested issues." Id. (quoting Old Chief v. United States, 519 U.S. 172 (1997)). According to the Court, even if one were to assume that the 1998 trafficking was of a similar type to, or in a similar place as, the current allegation, "its relevance to intent and knowledge is limited to establishing that Watson knows how to sell drugs." Id. More importantly, the Court determined that this evidence was "inadmissible to prove the contested issue, namely, possession." Id. at 702-03. The Court then explained that the potential for prejudice was high because the introduction of the 1988 conviction would invite "the jury to infer that Watson has a propensity for drug offenses and therefore the drugs and the paraphernalia found in the Subaru must be his." Id. at 703. But, as noted above, this case was ultimately decided on other grounds and this issue was left for the trial court to resolve on remand. See id.

The lack of an ultimate determination of this issue on the merits through a Rule 403 balancing test does not render the Court's analysis useless for purposes

of comparison with the facts here. Though never expressly stated, the context of the analysis in light of the rest of the opinion and the facts of the case suggests that the Court was concerned that Mr. Watson's 1988 conviction for drug trafficking would lead the jury astray from the primary issue of ownership and chain and custody of the Subaru. Even worse, it appears that the Court was concerned that the jury may rely on the 1988 conviction as being determinative of ownership, insofar as its admission invited the jury to speculate that a former drug dealer must be the owner of the car full of drugs.

This Court is faced with a similar set of facts, with the only difference being that the Government has even less evidence linking Mr. White to the apartment in which the drugs were found. This case, like <u>Watson</u>, should turn on physical possession of the area in which the drugs and related paraphernalia was recovered. The introduction of Mr. Watson's drug conviction from several years earlier will be of no legitimate use to the jury in deciding this issue. As in <u>Watson</u>, the introduction of Mr. White's prior drug offense will only invite the jury to impermissibly speculate as to ownership based on a propensity to be involved in the drug trade (once a drug a dealer, always a drug dealer). Rules 404(b) and 403 exists to prevent the jury from making such an inference, and they should lead this Court to reject the Government's Rule 404(b) motion to introduce evidence of Mr. White's prior conviction, especially given the weak probative value of Mr. White's ability to identify cocaine base and his intent to distribute it.

**CONCLUSION**

For all the reasons stated herein, Mr. White respectfully requests the Court to deny the Government's Motion to Permit Use of Other Crimes Evidence.

Respectfully Submitted,

_____

Charles F. Daum, Esquire

**Certificate of Service**

This twenty-sixth day of June, 2008, it is hereby certified that a true and correct copy of the defendant's opposition to the Government's notice of other crimes evidence has been sent to AUSA Karla Dee Clark by electronic transmission.

_____

Charles F. Daum, Esquire