UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
       v.                           )     Criminal No. 08-065 (PLF)
                                    )
DELANTE WHITE,                      )
                                    )
       Defendant.                   )
_____ )

## THE GOVERNMENT AND THE DEFENDANT'S PROPOSED VOIR DIRE

### STATEMENT OF THE CASE

This is a criminal case. The defendant, Delante White, has been charged with one count of possession with intent to distribute 50 grams or more of cocaine base. The government alleges that, on February 23, 2008, at approximately 2:00 p.m., Metropolitan Police Department officers executed a search warrant at 637 Hamlin Street, N.E., Apartment 2, Washington, D.C. During this search, officers recovered cocaine base (crack); a magazine with .40 caliber ammunition; a magazine with .9mm ammunition; an empty ammunition box; a digital scale; gloves; a shoe box containing plates and razors; a bullet; $2,000.00 in United States currency; mail matter belonging to the defendant; photographs; men's clothing and a pair of Gucci shoes.

Mr. White denies that he was in possession of the drugs.

### VOIR DIRE QUESTIONS

_____ 1. Given this brief statement of the case, do any of you think that you may know anything about the facts and circumstances of this case?

2. This trial is expected to last approximately four to five days. The length of deliberations will be determined by the jury itself. Do any of you have an urgent or extremely important matter such that you could be faced with a genuine hardship if selected for the jury in this case?

3. Do any of you have an uncorrected vision or hearing problem or suffer from any illness that would make it difficult for you to sit as a juror? Are any of you presently taking any medication that causes drowsiness, confusion or discomfort or makes it necessary for you to go to the bathroom frequently?

4. Do any of you know or think that you might know or recognize the defendant, Delante White?

5. Do any of you know or think you might know his lawyer, Charles Daum?

6. The United States is represented in this case by Assistant United States Attorneys Karla-Dee Clark and Kate Connelly. Do any of you know or think that you recognize the prosecutors, Ms. Clark and Ms. Connelly?

7. I am Judge Paul Friedman, and I will be the presiding judge in this case. Assisting me are Michelle Moon, my Deputy Clerk and Linda Russo, the court reporter who keeps a record of the proceedings. Do any of you know or think that you recognize any of us?

8. Do any of you know or think that you recognize any other member of the jury panel? Please take a look around to be sure.

9. The government alleges that the events relating to the charged offenses occurred at in the area of the 600 block of Hamlin Street, N.E., Washington, D.C. Do any of you live near, work near, or have anything other than a general familiarity with that location?

10. The government may call some or all of the following persons as witnesses, or you may

hear about some or all of these persons during the course of this trial, who Ms. Clark will now identify. Not all of these witnesses will necessarily testify. Do you know or think that you might know any of these proposed witnesses?

11. The defense may call some or all of the following persons as witnesses, or you may hear about some or all of these persons during the course of this trial, who Mr. Daum will now identify. Not all of these witnesses will necessarily testify. Do you know or think that you might know any of these proposed witnesses?

12. A fundamental principle of our legal system is that when a person is charged with a criminal offense, he is presumed to be innocent. That is because the burden of proof in a criminal case rests with the prosecution. That burden of proof never shifts throughout the trial. The presumption of innocence can only be overcome if the government proves the defendant's guilt beyond a reasonable doubt. Would you have any difficulty at all in applying these principles of law?

13. Because the burden is on the government in a criminal trial, the defendant does not need to testify, call any witnesses, or produce any evidence whatsoever to prove his innocence. Would you have any difficulty at all in applying these principles of law?

14. Because the person accused of the crime is presumed to be innocent and has no burden to prove anything and is not required to introduce any evidence, he need not testify in his own behalf. Do any of you think you would be more likely to find someone guilty if he did not testify in his own behalf?

15. Do you think that, when the police arrest someone, that person is more likely guilty of some sort of wrongdoing?

16. When you hear that a grand jury has indicted someone, does that make it seem more

likely to you that the person is guilty of a crime?

17. To reach a verdict, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of view of your fellow jurors. In the final analysis, however, you must follow your own conscience and be personally satisfied with any verdict. Would any of you have any difficulty at all in expressing your own opinions and thoughts about this case to your fellow jurors? Or do any of you feel that you would tend to go along with the majority of jurors, even if you did not agree, just because you were in the minority?

18. Do any of you believe that law enforcement agents or officers as a general matter are either more or less trustworthy than other people? Would any of you tend to give either more weight or less weight to, or tend to believe or disbelieve, the testimony of a law enforcement agent or officer simply because he or she is a law enforcement agent or officer?

19. Have you or a member of your immediate family – either personally or in connection with a business – been involved in any legal action or dispute with the United States, or any officers, employees, or agents of the United States?

20. Have you ever served on a grand jury?

21. Have you ever served as a trial juror in a criminal case in a federal court, in District of Columbia Superior Court, or in a court located somewhere else?

22. Has anyone, after an experience sitting as a juror, had any conversation with a judge, prosecutor, defense attorney, court employee, law enforcement officer or defense investigator that would affect his or her ability to be an impartial juror in this case?

23. Have you (or any of your household members or close friends or relatives) ever worked, in any capacity, for any type of law enforcement agency? This would include, among others, the

Federal Bureau of Investigation, the Drug Enforcement Administration, the Metropolitan Police Department, the U.S. Marshal's Service, the Secret Service, the U.S. Park Police, the Postal Inspectors, the Military Police, the CIA, the IRS, Department of Homeland Security, a private security firm or other law enforcement agencies. Or have you (or any of your household members or close friends or relatives) ever applied for a job with any such organization?

24. Have you (or any of your household members or close friends or relatives) ever worked, in any capacity, for a prosecutor's office? That can include the Department of Justice, a United States Attorney's Office, the Office of the Attorney General for the District of Columbia, (formerly the Office of the Corporation Counsel), or any state, county, commonwealth or district attorney's office? Or have you (or any of your household members or close friends or relatives) ever applied for a job with any such organization?

25. Have you (or any of your household members or close friends or relatives) ever worked, in any capacity, for a prison, jail, or department of corrections? Or in the juvenile justice system? Or have you (or any of your household members or close friends or relatives) ever applied for a job with any such organization?

26. Have you (or any of your household members or close friends or relatives) ever worked, in any capacity, for a criminal defense lawyer, the Federal Public Defender Service, the District of Columbia Public Defender Service, or similar organization, or been involved in any way in the defense of a criminal case? Or have any of you (or any of your household members or close friends or relatives) ever applied for a job with any such individual or organization?

27. Have you (or any of your household members or close friends or relatives) ever worked at a courthouse or for a court system, in any capacity, including as a probation or parole officer? Or

have any of you (or any of your household members or close friends or relatives) ever applied for a job at any such organization?

28. Have you (or any of your household members or close friends or relatives) ever studied law or had any legal training? This would include law school, paralegal training, or any post-graduate legal training.

29. Within the last ten years has any member of the panel, or a close friend or relative of any panel member, been a victim of, witness to, or charged with or convicted of a criminal offense, especially crimes of violence involving illegal narcotics?

30. Have you ever belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, "orange hat" groups, or any other crime prevention groups?

31. Do any of you, because of the reported crime situation in Washington, D.C., or because of the reported incarceration rate in Washington, D.C., think that your own concerns or feelings would make it difficult to consider the evidence surrounding a criminal charge or to reach a verdict in a criminal case?

32. The offense in this case involves the alleged unlawful possession of illegal drugs. Do any of you feel that, because of the nature of the charges in this case, it might be difficult for you to sit as a juror?

33. Have you or a close friend or family member been personally affected by drugs?

34. Are you now or have you in the past been a member of any group which advocates either for or against the legalization of drugs?

35. Do any of you have an opinion or feeling about the possession or use of drugs, or the narcotics laws in general, that would make it difficult for you to render a fair and impartial verdict

based solely upon the evidence presented during the trial? For example, do you believe that drug possession should be legalized, or that too much money is spent on prosecuting drug offenses?

36. Do you watch any television shows which deal with policing, forensic science, or criminal trials such as (but not limited to) any of the Law and Order shows, CSI, Cold Case Files, Forensic Files, Court TV, and so forth?

37. The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without regard for what the potential punishment might or might not be in the event of a conviction. Would you have any difficulty at all following this principle?

38. Do you have any moral, religious, or philosophical beliefs that would make it difficult for you to render a judgment in this case based solely upon the evidence presented during the trial?

39. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Would you for any reason not be able to accept and follow my instructions regarding the law?

40. Do you, or are you sitting next to someone whom you believe may, have trouble understanding the English language? Or who might have a hearing problem?

41. Finally, do any of you know of any other reason not already raised why you cannot sit as a juror in this case and be fair to both sides, and render a fair and impartial verdict based upon the

evidence and the law as you shall hear it or that causes you to feel you should not sit as a juror in this case?

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By: _____/s/_____        _____/s/_____
Karla-Dee Clark                    Charles Daum, Esq.
Assistant United States Attorney   Counsel for the Defendant
D.C. Bar No. 435-782               736 5th Street, N.E.
555 Fourth Street, N.W., Room 4846 Washington, D.C. 20002
Washington, D.C. 20530             (202) 546-8886
(202) 305-1368                     charlesdaum@verizon.net
Karla-Dee.Clark@usdoj.gov