IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Cr. No.  08-065 (PLF) |
| | : |
| DELANTE WHITE, | : |
| | : |
| Defendant. | : |

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully proposes the following jury instructions:[1]

A. <u>Instructions Before and During Trial</u>:

    1.02    Notetaking by Jurors

    1.03    Preliminary Instruction Before Trial

    1.04A   Stipulations of Fact

    1.07    Question Not Evidence

    1.08    Expert Testimony

    1.20    Questions by Jurors

    1.21    Preliminary Instruction to Jury Where Identity of Alternates Is Not

---

[1] On June 27, 2008, counsel for the defendant Mr. Daum informed undersigned government counsel via voice mail message that the defendant would be requesting the standard jury instructions.  Because Mr. Daum has not had the opportunity to review the Government's Proposed Jury Instructions prior to filing, Government counsel did not feel at liberty to file this document as a joint request.  The government reserves the right to propose a jury instruction for use of other crimes evidence should the Court grant the government's pending Rule 404(b) motion.  Otherwise, although the government does not anticipate proposing any additional jury instructions for use at trial, the government respectfully reserves the right, in an abundance of caution, to supplement this list if unexpected events occur at trial.

Disclosed *(if necessary)*

1.22 A Juror's Recognition of a Witness or Other Party Connected to the Case

Government's Requested Special Instruction D (set forth below)

B. <u>Final Instructions</u>:

2.01 Function of the Court

2.02 Function of the Jury

2.03 Jury's Recollection Controls

2.04 Evidence in the Case – Stipulations

2.05 Statements of Counsel

2.06 Indictment Not Evidence

2.07 Inadmissible and Stricken Evidence *(if necessary)*

2.08 Burden of Proof -- Presumption of Innocence

2.09 Reasonable Doubt

2.10 Direct and Circumstantial Evidence

2.11 Credibility of Witnesses

2.13 Number of Witnesses

2.14 Nature of Charges Not to Be Considered

2.26 Police Officer's Testimony

2.27 Right of Defendant not to Testify

2.28 Defendant as Witness *(if necessary)*

2.71 Selection of Foreperson

2.72 Unanimity

2.73   Exhibits During Deliberations

2.74   Possible Punishment Not Relevant

2.75   Communications Between Court and Jury During Jury's Deliberations

2.76   Furnishing the Jury with a Copy of the Instructions

2.77   Use of Verdict Forms -- Note

3.02   Proof of State of Mind

3.07   "On or about" – Proof of

3.08B   Possession (included in instruction on charged offense, Section C)

C.   <u>Instructions on Charged Offense:</u>

*<u>Unlawful Possession with intent to Distribute Fifty Grams or More of Cocaine Base</u>*

The defendant is charged with Unlawful Possession with Intent to Distribute Fifty Grams or more of Cocaine Base, also known as crack. There are three elements to this offense, each of which the government must prove beyond a reasonable doubt:

First, that the defendant possessed fifty grams or more of a controlled substance, namely cocaine base in a form known as crack. There are two kinds of possession: actual and constructive. A person has actual possession of something if he has direct physical control over it. He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it. Mere presence near something or more knowledge of its location is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the controlled substance.

Second, that the defendant possessed the controlled substance knowingly and

intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

Third, that when the defendant possessed the controlled substance he had the specific intent to distribute it. "Distribute" means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.

Now I will give you more detailed instructions on some of these terms.

The law makes cocaine base in a form known as crack a controlled substance. You must decide whether the material was cocaine base in a form known as crack. In doing that, you may consider all evidence that may help you, including exhibits, expert and non-expert testimony.

To establish the first element of the offense, the government must prove beyond a reasonable doubt that the defendant possessed with intent to distribute a detectable amount of cocaine base in a form known as crack.

The government is not required to prove that the defendant knew the precise type of controlled substance that he possessed. The government must prove beyond a reasonable doubt, however, that the defendant knew that he possessed some type of controlled substance.

Finally, the government is required to prove that the possession with intent to distribute involved 50 grams or more of a substance or mixture that contained cocaine base in a form known as crack.

<u>LESSER INCLUDED QUANTITIES</u>

*<u>Unlawful Possession with Intent to Distribute Five Grams but less than 50 Grams of Cocaine Base; Unlawful Possession with Intent to Distribute Less Than Five Grams of Cocaine Base</u>*

Finally, as I told you earlier, the government is required to prove beyond a reasonable doubt the quantity of cocaine base in a form known as crack, for which the defendant is responsible. On these issues, you will have to record your findings.

You will be asked to complete a verdict form specifying whether the government has proven beyond a reasonable doubt whether the amount of cocaine base in a form known as crack exceeded a specified quantity, in grams.

Specifically, the verdict form will ask you to decide whether the amount of cocaine base in a form known as crack was:

1. More than 50 grams of mixtures and substances containing a detectable amount of cocaine base in a form known as crack. If you are unable to find unanimously that the quantity of cocaine base exceeded 50 grams, then you should consider whether the drug quantity was;

2. More than 5 grams but less than 50 grams of mixtures and substances containing a detectable amount of cocaine base in a form known as crack. If you are unable to find unanimously that the quantity of cocaine base exceeded 5 grams but was less than 50 grams, then you should consider whether the drug quantity was:

3. Less than 5 grams of mixtures and substances containing a detectable amount of cocaine base in a form known as crack.

Your decision if one of these drug quantity ranges has been proven beyond a reasonable doubt must be unanimous.

In determining quantity, you must determine the total weight of any mixture and substance that contains a detectable amount of cocaine base in a form known as crack.  It is the entire weight of the mixture and substance that controls your determination.  In calculating drug quantities, you  may rely on direct as well as circumstantial evidence, and you may rely on the testimony of any witness on this issue along with any exhibit.  I further instruct you that the government is not required to have seized, or physically produce in court, a particular quantity of drugs to satisfy this element.

      D.      Special Instruction

           1. *Special Instruction Regarding the Legality of the Search of the Residence*

As I instructed you at the beginning of the case, it is my responsibility to rule on legal questions.  In that regard, as a matter of law the search of the residence in this case was a lawful act by law enforcement officers performing law enforcement duties.  Accordingly, you need not concern yourself with the circumstances surrounding the search of the residence in question, and these circumstances should not be factored into your deliberations.

As authority, the United States refers the Court to <u>United States v. Sanders</u>, 196 F.3d 910, 914 (8th Cir. 1999).

                                           Respectfully submitted,

                                           JEFFREY A. TAYLOR
                                           United States Attorney

                                               /s/

By:    KARLA-DEE CLARK
          Assistant United States Attorney
          D.C. Bar No. 435-782
          555 Fourth Street, N.W., Room 4846
          Washington, D.C. 20530
          (202) 305-1368
          Karla-Dee.Clark@usdoj.gov