UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | CRIMINAL NO. 08-065 (PLF) |
| : | |
| DELANTE D. WHITE, : | |
| : | |
| Defendant. : | |
| _____ : | |

**GOVERNMENT'S REPLY TO DEFENDANT WHITE'S OPPOSITION TO THE GOVERNMENT'S MOTION TO PERMIT USE OF OTHER CRIMES EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply to the defendant's opposition to the government's motion to permit use of other crimes evidence.

As a preliminary matter, the defendant appears to argue that binding District of Columbia Circuit Court precedent is wrongly decided or inadequate. See Defendant's Opposition at 6 n.1 (June 26, 2008) (criticizing Circuit cases allowing admission of prior drug crimes evidence to prove intent to distribute); id. at 5 (criticizing Circuit cases allowing prior convictions for crack cocaine to prove that the defendant has knowledge that a substance in his possession is crack). These arguments should carry no weight in this Court and should instead be reserved for appeal. See W. Va.. Highlands Conservancy v. Johnson, 540 F. Supp. 2d 125, 143 (D.D.C. 2008) ("The defense is free to ask the D.C. Circuit to reconsider its case law. But it is not this Court's role to ignore binding D.C. Circuit and Supreme Court cases."). See also Fogg v. Gonzales, 492 F.3d 447, 456 (D.C. Cir. 2007) (holding that it is an abuse of discretion to disregard binding Circuit precedent).

Contrary to the defendant's arguments, each of the purposes the government cites in favor

of admitting other crimes evidence is firmly established as a legitimate Rule 404(b) purpose. First, "intent, preparation, [and] plan" are legitimate purposes enumerated in the text of the Rule, and the District of Columbia Circuit Court has consistently admitted evidence of prior drug convictions in possession with intent to distribute cases to establish the "intent to distribute" element. See, e.g., United States v. Crowder, 141 F.3d 1202 (D.C. Cir. 1998) (Crowder II), cert. denied, 525 U.S. 1149 (1999), and 528 U.S. 1140 (2000); United States v. McCarson, No. 06-3130 (D.C. Cir. May 27, 2008). Defense counsel concedes that this is a legitimate Rule 404(b) purpose, Def. Opp. at 6, even as it criticizes the relevant Circuit precedent, id. at n.1, and attempts to minimize the import of this evidence for Rule 403 balancing purposes. Id. at 6. The defendant's arguments are made with no supporting authority and are against numerous cases holding that prior drug convictions are "highly probative" on the intent to distribute element. See, e.g., McCarson, No. 06-3130, slip op. at 8; accord United States v. Toms, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities and firearm possession was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm); United States v. Latney, 108 F.3d 1446, 1448 (D.C. Cir.) (evidence of defendant's other possession of crack admissible in trial charging aiding and abetting distribution of crack), cert. denied, 522 U.S. 940 (1997); United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994) (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment); United States v. Washington, 969 F.2d 1073, 1080-81 (D.C. Cir. 1992) (when defendant charged with distribution and possession with intent to distribute drugs, 404(b) evidence of his prior drug transactions was admissible to demonstrate intent, knowledge,

plan and absence of mistake), cert. denied, 507 U.S. 922 (1993); United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show intent, preparation, plan and knowledge); and United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess), cert. denied, 514 U.S. 1041 (1995).

Second, prior convictions for crack cocaine are admissible under Rule 404(b) to establish the defendant's "absence of mistake" regarding the nature of the drug in his possession (or, put differently, "knowledge" that the substance was crack instead of an innocuous substance such as flour).  See, e.g., United States v. Pettiford, 517 F.3d 584, 590 (D.C. Cir. 2008) (prior crack cocaine conviction admissible to show knowledge because a reasonable jury might conclude that the defendant believed it to be an innocuous substance).  The defense contends that a prior drug conviction does not suffice to show that the defendant possesses "some extraordinary ability to identify crack cocaine."  Def. Opp. at 4.  This reasoning mis-characterizes the government's burden: to show relevance under Rule 404(b), the government need only show that the prior crimes evidence "tended to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  United States v. Linares, 367 F.3d 941, 946 (D.C. Cir. 2004) (quoting Fed. R. Evid. 401).  Third, the prior drug evidence is admissible to establish the knowledge element of constructive possession, specifically that the defendant "was aware that there was cocaine base inside of the apartment where he stayed with his grandmother and/or frequented."  Gov. Rule 404(b) Motion at 4 (June 24, 2008).  "As the Supreme Court has noted, 404(b) evidence may be

critical to the establishment of the truth as to a disputed issue, <u>especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct</u>." <u>Clarke</u>, <u>supra</u>, 24 F.3d at 265 (citing <u>Huddleston</u>, 485 U.S. at 685) (emphasis added in <u>Clarke</u>).

The crux of the defendant's opposition is his claim that a constructive possession case such as the instant case hinges primarily on the extent of the defendant's physical dominion over the space where the drugs were found, which is not a permissible 404(b) reason to admit evidence. <u>See</u> Def. Opp. at 9, 12. This argument has been raised and directly rejected in this Circuit because it construes the government's burden in a constructive possession case too narrowly. In <u>McCarson</u>, <u>supra</u>, slip op. at 7-8, the police found crack cocaine and a gun in an apartment belonging to the defendant's girlfriend. The government sought admission of the defendant's prior conviction for distribution of crack cocaine to help prove his constructive possession. The defense argued that the evidence was inadmissible under Rule 404(b) because the defendant's "knowledge and intent were not at issue; the only issue was whether he possessed the gun and the drugs." The Court upheld admission of the evidence, rejecting "the distinction between knowledge and possession when a defendant is charged with constructive possession, because '[a] successful conviction' for constructive possession requires proof of 'a mental element (knowing possession),' as well as 'a physical element (dominion and control ...).'" <u>Id.</u> (quoting <u>United States v. Cassell</u>, 292 F.3d 788, 792-94 (D.C. Cir. 2002)). The prior drug conviction was "highly probative" with respect to his constructive possession of the gun and the drugs, particularly because it "tended to undercut" the defendant's argument that "the contraband belonged to his girlfriend because the Marshals found the contraband in his girlfriend's

apartment . . ." Id. at 8-9. Furthermore, the defendant's contention that the present case is distinctive from past cases because there is no evidence here connecting the defendant to the location where the contraband was found is not only disputed by the government, but was contested in various ways in the aforementioned cases.

Although the defendant repeatedly emphasizes that physical dominion is the central issue and that the other issues (particularly knowledge of the substance and intent to distribute) are not the "true" or "disputed" issues, the government bears the burden of proof on all of these issues, and the government may "prove the elements of the crime by evidence of its choosing." See Cassell, 292 F.3d at 794.

Finally, contrary to the defendant's argument the government is not seeking the admission of the other crimes evidence to in essence prove the defendant's character. As the Circuit Court noted in Cassell, "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'" Id. at 795 (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990)) (emphasis in original).[1]

---

[1] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 404(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston v. United States, 485 U.S. 681, 690 (1988) (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

WHEREFORE, for the reasons stated above and in the Government's Motion To Permit Use of Other Crimes Evidence, the United States respectfully submits that its motion should be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By: _____/s/_____
Karla-Dee Clark
Assistant United States Attorney
D.C. Bar No. 435-782
555 Fourth Street, N.W., Room 4846
Washington, D.C. 20530
(202) 305-1368
Karla-Dee.Clark@usdoj.gov