UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | 08-CR-065 (PLF) |
| CANDICE ROBERTSON, | ) | |
| CHRISTOPHER WHITE, and | ) | |
| JEROME WHITE, | ) | FILED |
| | ) | |
| Defendants | ) | APR 20 2009 |
| | ) | NANCY MAYER WHITTINGTON, CLERK |
| | | U.S. DISTRICT COURT |

MEMORANDUM AND ORDER

The Government has moved for the pretrial detention of defendants Candice Robertson, Christopher White, and Jerome White. The Government alleges that these three defendants played key roles in obstructing justice with the respect to the trial of defendant Delante White, who was previously tried in this Court before Judge Paul Friedman on a number of federal narcotics charges in September 2008. The trial of Delante White concluded in a hung jury. Following some additional investigation by the Government, the grand jury handed down a superceding indictment charging Candice Robertson, Christopher White, and Jerome White with witness tampering in violation of 18 U.S.C. § 1512(b) and obstructing an official proceeding in violation of 18 U.S.C. § 1512(c)(2).[1] Shortly after their arraignments on the superceding indictment, the Court held three separate detention hearings for each of the defendants. With respect to all three defendants, the Court found by clear and convincing evidence that no

---

[1] Christopher White is charged with perjury in violation of 18 U.S.C. § 1623.

1

condition or combination of conditions will reasonably prevent them from obstructing justice. *See* 18 U.S.C. § 3142(f)(2)(B). Accordingly, the Court hereby ORDERS defendants Candice Robertson, Christopher White, and Jerome White held without bond pending trial.

## 1. **The Government's Proffer**

The facts proffered by the Government during the three detention hearings reveals that all three defendants worked together as part of an elaborate scheme to obstruct justice in the September 2008 trial of Delante White. In that trial, Delante White was charged with possession with intent to distribute fifty grams or more of crack cocaine in the District of Columbia in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(iii). Much of the Government's evidence at trial was obtained during a search of 637 Hamlin Street, Apt. 2, Northeast, Washington DC on February 23, 2008. The Hamlin Street apartment belonged to Evelyn Clowney, the grandmother of Delante White and a key witness for the Government's case. Among the evidence seized during the search of Evelyn Clowney's apartment was crack cocaine, a digital scale, and a number of key items tending to link Delante White to the apartment at 637 Hamlin Street. As Delante White was not present during the search of the 637 Hamlin Street residence, the Government proceeded at trial on a theory of construction possession.

The defense theory at trial was that Delante White's brother, Jerome White, lived at 637 Hamlin Street with their grandmother, Evelyn Clowney, and that it was actually Jerome, not Delante, who dealt cocaine from that residence. In other words, the Government had mistaken Delante for his brother Jerome, who, according to the defense, was the actual drug dealer in the family. To help create the illusion that Jerome White, rather than his brother Delante, was

responsible for the crack cocaine found at 637 Hamlin Street, Delante's girlfriend, Candice Robertson, along with Delante's brothers, Christopher and Jerome White, manufactured false evidence, produced perjured testimony, and prevented Evelyn Clowney from testifying at trial.

It was Candice Robertson who coordinated and led the efforts to undermine the criminal prosecution of Delante White; she acted in accordance with instructions issued by Delante White, who was detained pending his trial. Among other efforts, Candice Robertson paid money to witnesses to provide false testimony to investigators and prosecutors. Additionally, the Government claims to have evidence that at least one defense witness was paid by Candice Robertson for false testimony at trial. Candice Robertson also allegedly organized meetings with witnesses in order to ensure that all witnesses in the case would testify consistent with the fabricated defense theory.

The lengths to which these three defendants went to obstruct justice is truly extraordinary and utterly disturbing. One of the more alarming instance of obstruction alleged in this case concerns the disappearance of Evelyn Clowney, one of the Government's most crucial witnesses. To place the issue in context, it is important to understand that Ms. Clowney is an elderly woman, and she is confined to a wheel chair because both of her legs have been amputated below the knees. Candice Robertson not only lied to both prosecutors and investigators about Evelyn Clowney's whereabouts, but she paid money for Ms. Clowney to leave town, and ultimately enlisted the help of both Christopher White and Jerome White, who forcibly removed Ms. Clowney from her home and ensured that she remained in an unknown location during trial. These defendants successfully frustrated the Government's efforts to locate Ms. Clowney during the trial, and this Court was ultimately forced to issue a material witness warrant for Ms.

Clowney's arrest. Ms. Clowney was subsequently located outside of this jurisdiction and detained by the Federal Bureau of Investigation.

The defendants' far-flung obstruction efforts reached far beyond tampering with witnesses. Perhaps the most disturbing example of obstruction in this case concerns fabricated photographic evidence, which was introduced at trial through the perjured testimony of Christopher White. Three fabricated photographs that were provided to the jury in conjunction with the perjured testimony of Christopher White proved critical to the defense case at trial. The staged photographs, which were facilitated by Candice Robertson, purport to show a belated Valentine's Day celebration at Ms. Clowney's apartment on February 21, 2008, a mere three days before the Metropolitan Police Department executed a search on that residence. Christopher White testified at trial regarding the Valentine's Day gathering, and he claimed that he took the photographs then. In the photographs, Jerome White is clearly visible in the background and appears to be cutting up cocaine. When testifying about the photographs at trial, Christopher White claimed that when he snapped the photograph, he did not realize at the time that Jerome White was in the background tending to cocaine.

Several months following the trial, Christopher White admitted to federal law enforcement authorities that the photographs he authenticated and testified about at the trial were complete fabrications. The photographs were in fact taken approximately one week prior to the start of Delante White's trial. In fact, Christopher White, who is a resident of North Carolina, was not even in the District of Columbia on February 21, 2008. The photographs were completely staged and created for the sole purpose of misleading the jury to the false conclusion that it was Delante White's juvenile brother, Jerome, who actually used his grandmother's

apartment to store and sell crack cocaine.

These three key defense photographs were staged fabrications down to the slightest detail. For example, the photos contain a number of replicas of items seized on February 23, 2008, such a blue Adidas shoe box, which is remarkably similar to one that the Government seized during the February search and later presented at trial in September. The Adidas box seized during the search contained cocaine residue, and a Government expert testified that the box was likely used to collect up excess cocaine powder during the cutting and packaging process. Not coincidently, a similar Adidas box appears in the photograph on a table that Jerome White appears to be using to cut up cocaine. In sum, the carefully staged photographs reveal that Candice Robertson, Christopher White, and Jerome White were extraordinarily thorough and left nothing to chance in their efforts to mislead the jury in the case against Delante White.

2. **Analysis**

By its plain terms, 18 U.S.C. § 3142(f)(2)(B) permits this Court to order a defendant held without bond pending trial when the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably prevent the defendant from obstructing justice. In this case, the defendants' prior efforts within their community to obstruct the trial of Delante White speaks volumes. Given the extraordinary lengths that these defendants went to in their efforts to tamper with witnesses and manufacture utterly false, misleading evidence at trial – and in light of their proven success in achieving a hung jury in one trial already – this Court ultimately has no choice but to detain these defendants prior to trial. In so finding, this Court stresses that the crimes committed by these defendants were not isolated acts or incidents; rather

5

the defendants undertook a carefully orchestrated, multi-faceted effort designed to undermine a criminal trial of this Court. Candice Robertson, Christopher White, and Jerome White were determined to succeed in their efforts, and it is a travesty that their manipulation of our justice system achieved a hung jury. The defendants' actions strike at the very core of our system of justice and threaten to undermine the public's confidence in the outcome of a criminal trial in this jurisdiction.

It is ultimately the responsibility of this Court to ensure the integrity of its own judicial proceedings, and these defendants, through their meticulous and substantial efforts to obstruct a criminal trial, have demonstrated clearly and convincingly that they have little respect for the criminal proceedings of this Court. To free any one of these defendants into the community prior to trial, under any condition, would pose a grave and unacceptable risk of continued obstruction in this prosecution. One hung jury is enough; this Court cannot accept the very real risk that these defendants – who took it upon themselves to engage in the wholesale manufacture of false evidence previously – are very likely to obstruct justice again if released back into the community. The best way to ensure the integrity of the next trial is to ensure that these defendants have no way to tramper with witnesses or evidence.

## 2. **Conclusion**

After consideration of the proffered evidence and the factors set forth in 18 § U.S.C. 3142(g), the Court finds, by clear and convincing evidence, that the pretrial detention of defendants Candice Robertson, Christopher White, and Jerome White, is appropriate in this case because releases of these defendants, under any conditions, would pose an unreasonable risk of

obstruction of justice. Accordingly, it is hereby

ORDERED that the Government's motions for pretrial detention of defendants Candice Robertson, Christopher White, and Jerome White is hereby GRANTED; it is further

ORDERED that the defendants continue to be detained without bond pending trial; it is further

ORDERED that defendants shall be afforded reasonable opportunity to private consultation with counsel.

SO ORDERED

Royce C. Lamberth,
Chief Judge

April 20, 2009.